The Chicago and Eastern Illinois Railroad Company *v.* Ostrander.

Filed Dec. 12, 1888.

No. 13,012.

## THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY *v.* OSTRANDER.

RAILROAD.—*Negligence.— Communicating Fire to Adjacent Property.— Presumption.—Burden of Proof.*—No presumption of negligence arises against a railroad company from the fact of fire being communicated to adjacent property by an engine in use upon its line, and where negligence is charged the burden of proof is on the party complaining.

SAME.— *Use of Wood in Coal-Burning Engines is Negligence.—Instruction to Jury.*—Where the fact that the use of wood in a coal-burning engine materially increases the danger of setting fire to and burning adjacent property is indisputably established, the court may properly instruct the jury that such use constitutes negligence.

INTERROGATORIES TO JURY.— *Contradictory Answers.— Venire de Novo.*—The fact that answers to special interrogatories propounded to the jury are contradictory or inconsistent with each other, affords no ground for a *venire de novo,* as they neutralize each other and the general verdict will stand unimpaired.

SAME.—*Objection to Reception of Verdict.— Waiver.—Practice.—* Where the jury has failed to answer a material interrogatory, or has answered it

imperfectly, or has omitted to suitably verify the answer by the signature of its foreman, the proper practice is to object to the reception of the verdict and the accompanying papers pertaining to the interrogatories. If the verdict and accompanying papers are received without objection, the party complaining can not afterwards have a *venire de novo*, or other relief from the failure of the jury in any of the respects stated.

SAME.—*Conclusions of Law.*—*Harmless Error.*—It is only concerning some particular question of fact material to the cause that an interrogatory can be rightly submitted to the jury under section 546, R. S. 1881. It is error to require a jury to answer an interrogatory which calls only for a legal conclusion; but the error will be harmless where the answer is immaterial.

SAME.—*Presumptions in Favor of General Verdict.*—Where the answers of the jury to interrogatories are not conclusive of the merits of the controversy, all the presumptions are indulged in favor of the general verdict.

From the Vigo Circuit Court.

W. Armstrong, W. H. Lyford and L. D. Thomas, for appellant.

H. C. Nevitt and D. N. Taylor, for appellee.

NIBLACK, J.—Joseph W. Ostrander was, at the time of the trial of this cause, and for many years previously had been, the owner of a tract of land in Vigo county constituting a farm, and lying adjacent to a line of railroad operated by the Chicago and Eastern Illinois Railroad Company.

About the last day of July or the first day of August, 1881, an excursion train belonging to that company passed Ostrander's farm going north. The season was at that period a very dry one, and soon after the train had passed a fire broke out on Ostrander's land contiguous to the railroad line, which resulted in burning a part of a line of his fence and in destroying a considerable number of his fruit trees.

Ostrander thereupon commenced this action against the railroad company for the damages resulting from the fire, upon the ground that the company had negligently caused the injury to be inflicted.

The complaint was in four paragraphs. The first charged, in general terms, that the defendant had negligently set fire

The Chicago and Eastern Illinois Railroad Company v. Ostrander.

to and destroyed the plaintiff's property. The second averred that the defendant, by its engine, had set fire to certain combustible materials which had been allowed to accumulate on its right of way, and had negligently permitted the fire thus set by it to escape on to the plaintiff's adjacent land, thereby inflicting the injury sued for. The third was based upon the alleged ground that, by reason of defective netting in the smoke-stack of the defendant's engine, fire had escaped and destroyed the property for which damages were demanded. The fourth complained that the defendant had negligently permitted combustible materials to accumulate on its track and adjacent right of way; that it had negligently suffered fire to be emitted from its engine and to set fire to such combustible materials, and that it had further negligently suffered the fire to escape and to spread on to the plaintiff's land, to his injury as alleged.

There was a general verdict for the plaintiff, assessing his damages at $405. This verdict was accompanied by answers to interrogatories propounded to the jury, at the request of the plaintiff, as follows :

" 1. Did the engine of defendant, by throwing sparks, set fire to plaintiff's property ? " Answer. " Yes."

" 2. Was the engine which set fire to plaintiff's property properly equipped with a good spark-arrester ? " Answer " Not satisfied from the evidence that it was."

" 3. Was the spark-arrester in the engine of defendan defective ? " Answer. " Not satisfied."

" 4. Was there any negligence on the part of plaintiff, Ostrander, that contributed to the injury complained of ? " Answer. " No."

" 5. Was the plaintiff's property destroyed by the negligence of defendant, and without any negligence of plaintiff ? " Answer. " Yes."

" 6. Was there negligence by defendant in the use of fuel on the engine which caused the fire ? " Answer. " Yes."

" 7. Did the negligent use of wood fuel on defendant's

engine cause the emission of sparks which kindled the fire that destroyed plaintiff's property?" Answer. "Not satisfied on this subject by the evidence."

The general verdict was also accompanied by answers to other interrogatories submitted to the jury at the defendant's request, to the following effect:

" 1. Did the defendant have competent servants in charge of its engine which is claimed to have caused the damage in this cause?" Answer. "Not satisfied that it did."

" 2. Did the defendant have in use on its engine in question in this cause the most approved spark-arrester then known?" Answer. "Yes."

" 3. Did the defendant use reasonable care to keep said spark-arrester in good repair?" Answer. "Not satisfied that it did."

" 4. Did the defendant use due diligence to keep its right of way free from combustible materials?" Answer. "Yes."

" 5. Did the defendant use due diligence to prevent the escape and spread of fire?" Answer. "From the evidence we don't know."

" 6. Did the fire originate on defendant's right of way?" Answer. "Not sufficient evidence to answer whether it did or not."

" 7. Did the plaintiff use such reasonable diligence and means as were at his command to extinguish, or prevent further escape of, the fire from the right of way to his property, after he saw the fire, or to prevent its spread after he saw it burning?" Answer. "Yes."

" 8. Was the spark-arrester used on defendant's engine in good and proper order when it started on that trip?" Answer. "Not satisfied from the evidence that it was."

" 9. Did the defendant use wood on the engine in question simply and necessarily for the purpose of kindling its fire just previous to and while starting out from Terre Haute on the trip in question?" Answer. "Yes."

Upon a return of the verdict, the defendant moved for a

*venire de novo* upon the grounds: First. That some of the interrogatories were imperfectly answered. Second. That some of the answers to interrogatories were contradictory and inconsistent with each other. Third. That some of the answers in question were not separately signed by the jury. That motion being overruled, the defendant moved for judgment in its favor upon the answers to the interrogatories, notwithstanding the general verdict, and that motion being likewise overruled, the defendant moved for a new trial, basing its motion upon various exceptions reserved at the trial, with the same result.

The fact that answers to special interrogatories are contradictory, or inconsistent with each other, affords no ground for a *venire de novo*. Where such answers are only contradictory, or inconsistent, they neutralize each other and permit the general verdict to remain unimpaired. *Rice* v. *Manford*, 110 Ind. 596.

Where the jury has failed to answer an appropriate and material interrogatory, or has answered it defectively or imperfectly, or has omitted to verify the answer in some suitable way or place by the signature of its foreman, the proper practice is to object to the reception of the verdict, and the accompanying papers pertaining to the interrogatories.

Where, as in this case, the verdict and such accompanying papers are received without objection, the party complaining can not afterwards have a *venire de novo*, or any other relief, from the failure of the jury in any of the respects stated. 1 Works Practice, sections 842 and 855, *et seq.*; *West* v. *Cavins*, 74 Ind. 265; *Bedford, etc., R. R. Co.* v. *Rainbolt*, 99 Ind. 551; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225.

It was, in brief, held in the case of *Indianapolis, etc., R. R. Co.* v. *Paramore*, 31 Ind. 143, that as the business of operating railways is a lawful business, no presumption of negligence arises from the fact of fire being communicated by an engine in use upon a railway, and that where the negligent

communication of fire by an engine is charged, the burden of proof is on the party complaining.

The doctrine of that case was inadvertently disapproved in the more recent case of *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 79 Ind. 111, but was reaffirmed when this latter case was again before this court (see *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 110 Ind. 225), and is now, as formerly, the recognized law of this State in all cases in which it is applicable.

Counsel for the appellant contend that the answers to the interrogatories, relatively considered, either expressly by what they affirmed or impliedly by what they failed to affirm, found in favor of their client on all the specifications of negligence contained in the last three paragraphs of the complaint, and that, consequently, the appellee was not entitled to a judgment upon any one of those paragraphs; also, that no facts were specially found, or evidence introduced, which tended to sustain the first paragraph of the complaint, and that, for that reason, it was error to award him judgment on that paragraph. In support of this latter contention it is insisted that the answers to the fifth and sixth interrogatories submitted at the request of the appellee, were mere conclusions of law, and hence not findings upon particular questions of fact within the meaning of section 546, R. S. 1881. This position is well sustained directly, as well as indirectly, by the authorities.

It has practically become a legal maxim in this State that negligence is a mixed question of law and fact, and is a question of law where the facts are undisputed, and the inference to be drawn from them unequivocal. *Gagg* v. *Vetter,* 41 Ind. 228; *Pittsburgh, etc., R. R. Co.* v. *Spencer,* 98 Ind. 186; *City of Indianapolis* v. *Cook,* 99 Ind. 10.

But no question of negligence as a legal proposition arises until the facts from which negligence is supposed to have resulted are in some manner established. The answers under consideration were, consequently, mere legal conclusions, not resting upon any given or specific facts, and of no practical

value as supporting the first paragraph of the complaint. This view is in strict accord with the case of *Toledo, etc., R. W. Co.* v. *Goddard,* 25 Ind. 185, and generally with other more recent cases. *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151.

There is probably no subject in which the *nisi prius* courts so frequently fail in their duty as they do in permitting improper interrogatories to be submitted to juries. It is only concerning some *particular question of fact material to the cause* that an interrogatory can rightly be submitted. It is error, therefore, to require a jury to answer an interrogatory which calls only for a legal conclusion. It often happens, as in this case, that such an error is a harmless one, upon the ground of the immateriality of the answer, but the submission of such an interrogatory is always, at least, an abstract error, which is calculated to confuse, if not mislead, the jury.

In a case like this, where the answers to the interrogatories are not conclusive of the merits of the controversy, all the presumptions are indulged in favor of the general verdict. *Indianapolis, etc., R. R. Co.* v. *Petty,* 30 Ind. 261 ; *Graham* v. *Graham,* 55 Ind. 23 ; *Scott* v. *Zartman,* 61 Ind. 328 ; *Baltimore, etc., R. R. Co.* v. *Rowan,* 104 Ind. 88.

There was evidence as to the unusual size and great number of sparks which were permitted to escape from the engine from which the jury might have inferred negligence in setting fire to the appellee's property.

While there were many things brought out at the trial unfavorable to the appellee's right to recover, we have no sufficient reason for reversing the judgment on the evidence.

Objections are urged to several of the instructions given at the trial, but these objections are referred to in such a casual and merely incidental way as not to require us to make any formal rulings upon them.

The judgment is affirmed, with costs.

Filed Jan. 21, 1888.

### On Petition for a Rehearing.

NIBLACK, J.—Complaint is made that we erred in holding that the argument submitted against the correctness of certain instructions given to the jury, was insufficient to require us to review those instructions, and for that reason, as well as for alleged errors in giving two of the instructions referred to, we are asked to grant a rehearing in the cause. Counsel for the appellant, in their original brief, said : " We believe the court below erred and misled the jury by giving. instructions Nos. 17, 18, 19, 20 and 21 asked for by the appellee. In each of these instructions the court tells the jury that the use of wood in coal-burning engines, except in kindling fire before starting out, is negligence on the part of a railroad company."

They then quoted from instruction No. 19, in which the jury were told : "And if you further find that wood was used on said engine, except such as was necessary as kindling before starting out, instead of coal, then such use of wood would be negligence."

They also quoted from instruction No. 21, to the effect that if the engineer had timely notice " that his engine was to haul said train, it was his duty to have had sufficient fire to make steam without injury to property along the right of way," and that his failure to do so was negligence. They thereupon made the point that the court, in giving said instructions 19 and 21, invaded the province of the jury by making the propositions announced matters of law instead of questions of fact for the jury to decide, and consequently erred. In support of the point thus made, counsel quoted from *Small* v. *Chicago, etc., R. R. Co.*, 50 Iowa, 338, where it is said that " We regard it as sufficient if railroad companies employ the best known means and methods. What lies beyond the known it is not the province of courts or juries to consider."

The Chicago and Eastern Illinois Railroad Company *v.* Ostrander.

We have frequently held that where several instructions have been given in a cause, they must, upon an appeal to this court, be considered as a whole, and that is undoubtedly the correct general rule. It is also a well recognized rule that in construing a sentence or clause constituting a part of an instruction, the context must be taken into consideration, so that all the parts may be construed together.

We thought when this cause was heard, and still think, that the objection urged as above to a part of the instructions given at the trial, could not rightly be regarded as an argument either as against the sufficiency of any of the instructions as a whole, or as against any number of such instructions as a part of a series, to the extent of presenting any question for the decision of this court. But waiving all question of the sufficiency of the argument originally submitted by counsel, we see no substantial objection to the legal propositions announced by instructions 19 and 21, as applicable to the evidence in this cause.

It was established at the trial by undisputed evidence that there was an essential difference between the netting used to arrest sparks in a coal-burning engine and that used in an engine in which wood is burned, and that the use of wood in a coal-burning engine very materially increases the danger of setting fire to, and of burning, adjacent property.

In the case of *St. Joseph, etc., R. R. Co.* v. *Chase,* 11 Kan. 47, which was a case of the same class as this, the court said : "The fire was caused by the defendant's engines. The engines were all coal-burners. It is more dangerous to burn wood in coal-burners than to burn coal therein. The network fire-arresters of a wood-burner have finer meshes than the net-work fire-arresters of a coal-burner."

As was said in the opinion heretofore announced in this cause, when the facts are undisputed and well established, the question of negligence becomes a matter of law for the court.

As the fact that the use of wood in a coal-burning engine

very materially increases the danger of setting fire to, and of burning, adjacent property was indisputably established in this case, the court below did not err in telling the jury, as it did in effect, that, in view of this established fact, the use of wood in a coal-burning engine engaged in propelling a train of cars constitutes an act of negligence.

The petition for a rehearing is overruled.

