Rietman *et al. v.* Stolte.

No. 13,843.

RIETMAN ET AL. *v.* STOLTE.

MASTER AND SERVANT.—*Negligence.*—*Machinery.*—*Patent Defect.*—*Assumption of Risk.*—*Contributory Negligence.*—One who, being employed by another to assist in loading heavy timbers upon a car, can by looking see that the hooks attached to a crane used in the work are dulled and incapable of safely holding the timbers raised by it, but continues in the service without objection, will be deemed to have assumed the risk created by the defect, and can not recover for an injury resulting to him by reason thereof.

From the Vanderburgh Superior Court.

*P. Maier,* for appellants.

*A. C. Tanner* and *W. W. Ireland,* for appellee.

OLDS, J.—This is an action for damages resulting from an injury received by the appellee, Stolte, while at work for appellants loading timber upon a car. The complaint is in two paragraphs.

The first paragraph of the complaint alleges that the defendants, Henry Rietman and Charles Schults, are partners, doing business under the firm name of Rietman & Schults, and as such partners are running and operating a saw mill in Vanderburgh county, and are manufacturers of and dealers in lumber; that, on the 9th day of July, 1886, the plaintiff was in the employ of the defendants, working in and about their said mill; that under and by direction of the defendants, plaintiff was upon that day engaged in loading heavy timber from a wagon into a car for the purpose of transportation, and to lift said timber from the wagon to the car he used a crane belonging to the defendants; that attached to said crane, and as a part thereof, was an iron hook with which the timbers were grasped and held up while being lifted as aforesaid; that, on the day aforesaid, while engaged as aforesaid, and without any fault or negligence on his part, a heavy

oak timber, while being raised as aforesaid, slipped from the hook and fell upon and crushed both of the plaintiff's feet, whereby he suffered and endured great mental and physical pain and agony for a long time, and was by reason thereof unable to perform any work or labor for eight weeks, and incurred large expense in and about being cured ; that, at the time the injury was inflicted, plaintiff was using due care and handling said crane in a careful, prudent manner, and said timber slipped from the hook and inflicted said injury wholly because said hook was defective and unfit for use for such purpose, in this, it was worn and the teeth thereof were dull and broken, so that it did not and could not securely hold said timber while the same was being lifted as aforesaid, and permitted it to slip and fall, which defective condition was at the time known to the defendants, but wholly unknown to the plaintiff. Prayer for judgment.

The allegations of the second count are like the first, except instead of charging the appellants with knowledge of the defect in the hook, it alleged that the " defective condition was at the time of said injury wholly unknown to the plaintiff, but the same might have been known to the defendants by the exercise of ordinary care."

To each paragraph of the complaint a demurrer was filed for want of sufficient facts. The demurrer was overruled, and exceptions taken. The issues were formed by an answer in general denial.

The jury returned a general verdict for the plaintiff, and assessed his damages at $175.

Interrogatories were submitted to be answered by the jury, in case they found a general verdict, and the jury returned the following answers to interrogatories:

" 1. For what particular work was plaintiff employed by defendants?

"Ans. He was employed for common labor.

" 2. Could not plaintiff, by the use of ordinary diligence,

have seen the defect in the hook fastened to the crane, if there was any?

"Ans. Yes, he could see it if he had looked at it.

" 3. Was the hook defective which was attached to the crane?

"Ans. It was.

" 4. If you answer the preceding interrogatory in the affirmative, will you state in what the defect consisted?

"Ans. The defect consisted in its being a dull hook.

" 5. Did not plaintiff have as good an opportunity to see the defect, if any there was in the hook, as the defendants?

"Ans. Yes.

" 6. How long did the plaintiff work with the crane to which the hook claimed to be defective was attached?

"Ans. About three weeks.

" 7. Who told plaintiff to go on the car the morning he was hurt?

"Ans. Schaefer.

" 8. Did defendants have any knowledge of any defect in the hook attached to the crane, used to load the car, the morning plaintiff was hurt?

"Ans. The defendants did not know of the defect at the time, but the defendants ought to have known it.

" 9. If they had knowledge, how did they get it?

"Ans. They did not know it, but ought to have known it.

" 10. Could not the plaintiff have avoided being injured had he used ordinary care and caution?

"Ans. No.

" 11. In what capacity or position was John Schaefer employed?

"Ans. As a common laborer.

" ERNST DEUSBERG, *Foreman.*"

The defendants filed their motion for judgment upon the answers to interrogatories notwithstanding the general verdict, which was overruled, and exceptions taken, and this ruling of the court is one of the errors assigned.

It is a well settled principle, which has been adhered to by this court, "that an employee who knows, or by the exercise of ordinary diligence could know, of any defects or imperfections in the things about which he is employed, and continues in the service without objection, and without promise of change, is presumed to have assumed all the consequences resulting from such defects, and to have waived all right to recover for injuries caused thereby." *Jenney, etc., Co.* v. *Murphy*, 115 Ind. 566. That case was an action for damages resulting from a defective ladder which the employee of the company mounted to repair the line of the company, and the case was reversed upon the evidence.

The rule does not go to the extent of requiring the employee to search for latent defects in the machinery or appliances furnished him for use, but it does go the extent that the employee assumes the consequences resulting from such defects as are patent, and such as, by the exercise of ordinary diligence, and giving proper heed to the things that surround him, he would discover. *Louisville, etc., R. W. Co.* v. *Buck*, 116 Ind. 566; *Lake Shore, etc., R. W. Co.* v. *Stupak*, 108 Ind. 1; *Louisville, etc., R. W. Co.* v. *Frawley*, 110 Ind. 18.

Under the allegations of the complaint in this case, a recovery is sought for an injury caused by reason of a defect in a hook attached to a crane used in taking timbers from wagons and placing them upon the cars; that the defective hook was the one which grasped each piece of timber as it was lifted from the wagon and transferred to the cars. From the very nature of things, and the use made of the hook, it was constantly exposed to the view of the employees engaged in transferring such timbers. It would be difficult to imagine a defect in a tool, or appliance, more exposed to view, or more easily discovered than the defect alleged in this case. The special findings of the jury show that the appellee had been engaged in the use of the crane and hook attached thereto for three weeks; that the appellee, by the use of ordinary diligence, could have seen the defect; that he could

Rietman *et al. v.* Stolte.

have seen it if he had looked at it; that the appellee had as good an opportunity to see the defect as the appellants; that the appellants did not know of the defect, but the jury say they ought to have known of it.

The answers to the interrogatories show these facts, viz.: That the defect in the crane was one which was patent; that neither appellants nor appellee knew of it, but both might have known of it if they had looked; that the appellee had worked with the hook for three weeks, and could have seen the defect if he had looked at it. The special findings do not show that either of the appellants was about the crane, but the evidence shows that this work was under the control of a fellow-servant of the appellee. The rule of law we have stated requires one to exercise the faculties which he possesses, and if there is a patent defect in a tool or machinery used by him which he can see by looking, he must look, and unless some reasonable excuse is given he is guilty of negligence if he does not look. In this case the special findings show the defect to be one which the appellee would have known if he had exercised ordinary diligence, and given proper attention to his business and the things surrounding him, and that he was neglectful of his duty and of the things which surrounded him, and it was by reason of his own negligence that he did not know of the defect in the hook, and he is chargeable with having knowledge of such defect.

The court erred in overruling the motion for judgment upon the answers to interrogatories notwithstanding the general verdict, and for such error the cause must be reversed.

Taking the theory we do in regard to this question, it is unnecessary to pass upon the other questions presented.

Judgment reversed, at the costs of the appellee, with instructions to sustain the motion for judgment on the answers to interrogatories.

Filed Oct. 12, 1889.