The Ohio and Mississippi Railway Co. *v.* Trowbridge, by Next Friend.

Filed Dec. 20, 1890.

| 126 | 391 |
| 127 | 54 |
| 126 | 391 |
| 129 | 112 |
| 126 | 391 |
| 134 | 19 |
| 134 | 474 |
| 126 | 391 |
| 139 | 452 |
| 126 | 391 |
| 150 | 400 |
| 151 | 598 |
| 152 | 300 |
| 152 | 301 |
| 126 | 391 |
| 157 | 700 |
| 126 | 391 |
| 159 | 282 |
| 159 | 283 |
| 126 | 391 |
| 161 | 200 |
| 126 | 391 |
| f165 | 129 |
| 126 | 391 |
| f167 | 341 |

No 14,661.

## THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* TROWBRIDGE, BY NEXT FRIEND.

NEGLIGENCE.—*Railroad.—Occupancy of Highway by Hand-Cars.*—A railroad company has no right to use a highway for the storage of cars, or as a place for their temporary deposit. The permanent or temporary occupancy of a highway by the cars of a railroad company is, *prima facie*, unlawful.

SAME.—*Obstruction of Highway by Hand-car.—Injury to Traveller.—Proximate Cause.—Liability of Company.*—For a distance of one-half mile west of a highway crossing, the highway and the railway ran parallel one hundred feet apart. For this distance the view of one travelling upon the highway is unobstructed and the employees of the railway could plainly see any one travelling along the public road. On a day the plaintiff was travelling the road, riding a gentle horse, the employees moved a hand-car, which they were using, in the direction in which the plaintiff was going, passing her on their way. When they reached the crossing they removed the hand-car from the track, and placed it upon the highway. As there was no way for the plaintiff to go except by passing the hand-car, she kept on along the highway. When near the hand-car standing on the highway, her horse took fright at the hand-car, and she was thrown to the ground and injured. In answer to interrogatories the jury found that the hand-car was about ten feet from the center of the highway, which was about forty-five feet in width, and constituted an obstruction; that the hand-car could be seen at a distance of sixty feet from the place where it was standing, and was seen by the plaintiff; that there was nothing unusual in the appearance of the hand-car, and that it had been standing on the highway about two minutes before the plaintiff was thrown.

The Ohio and Mississippi Railway Co. *v.* Trowbridge, by Next Friend.

*Held,* that the obstruction of the highway by the hand-car was unlawful, and the proximate cause of the injury, and that a verdict for the plaintiff was sustained, notwithstanding the answers to interrogatories.

SAME.—*Knowledge of Obstruction.*—*Contributory Negligence.*—The fact that the plaintiff knew that the hand-car was in the highway did not necessarily prove that she was guilty of contributory negligence in continuing on her way and passing it.

VERDICT.—*What Determined by.*—*Answers to Interrogatories.*—A general verdict necessarily covers the whole issue, and determines every material fact against the unsuccessful party; while answers to special interrogatories do not necessarily do more than determine special questions of fact.

SAME.—*When will be Upheld.*—*Intendment.*—A general verdict will be upheld, unless the facts stated in the answers to special interrogatories are so antagonistic as to preclude reconciliation. The general verdict may be aided by fair intendment in giving to it its full effect, but the special verdict will not be so aided.

From the Lawrence Circuit Court.

— *Ramsey, L. Maxwell Jr.,* — *Ramsey, M. F. Dunn* and *G. G. Dunn,* for appellant.

*J. W. Buskirk* and *J. Giles,* for appellee.

ELLIOTT, J.—The facts pleaded as the appellee's cause of action are, in brief, these: The railway of the appellant crosses a highway known as the Huron and Mitchell road. For a distance of one-half mile west of the crossing the highway and the railway run on parallel lines, the space between them being one hundred feet; for this distance the view of one travelling upon the highway is unobstructed, and persons in the service of the appellant, engaged in work upon the railway, could plainly see any one travelling along the public road. On the 4th day of August, 1887, the appellee was riding along the road on horseback, and the horse she was riding was a gentle one. On that day the employees of the appellant were using a hand-car upon the railway, and they moved it over the rails to the crossing in the direction in which the appellee was going, passing her on their way. When they reached the crossing they negligently removed the hand-car from the track and placed it upon the

highway in such a position as to frighten the horse which the appellee was riding, knowing at the time that she was approaching. As there was no way for the appellee to go save by passing the hand-car she kept on along the highway. When near the hand-car standing on the highway her horse took fright at the hand-car and she was thrown to the ground and injured. A general verdict was returned in her favor, but with the general verdict were returned answers to special interrogatories. The facts as they are exhibited in these answers are these: The hand-car was about ten feet from the center of the public highway, and it constituted an obstruction. The appellee could have seen the hand-car at a distance of sixty feet from the place where it was standing, and she did see it. The highway was forty-five feet in width. There was nothing unusual in the appearance of the hand-car, and it had been standing on the highway about two minutes before the appellee was thrown from her horse and injured.

The appellant brings this case before us upon the facts stated in the answers of the jury to the special interrogatories, and upon those facts plants its claim to a judgment of reversal.

A general verdict necessarily covers the whole issue, and determines every material fact against the unsuccessful party; while answers to special interrogatories do not necessarily do more than determine special questions of fact. *Town of Poseyville* v. *Lewis, ante,* p. 80. *Prima facie,* therefore, the general verdict declares the right of the case, since, if all the material facts are established by the party for whom the jury decides, special facts do not necessarily override the general verdict. As the effect of the general verdict is as stated, it is reasonable to uphold it in all cases where the special answers do not constitute an insurmountable barrier to a recovery. Hence, it is correctly held that a general verdict will be upheld, unless the facts stated in the answers to special interrogatories are so antagonistic as to preclude reconciliation. *Town of Poseyville* v. *Lewis, supra;* *Graham* v. *Payne,* 122 Ind. 403; *Indianapolis, etc., R. R. Co.* v.

The Ohio and Mississippi Railway Co. *v.* Trowbridge, by Next Friend.

*Lewis*, 119 Ind. 218; *Grand Rapids, etc., R. R. Co.* v. *Ellison*, 117 Ind. 234, and cases cited.

It is reasonable to ascribe to a general verdict a fair and full effect, and to that end it is necessary to give it a very liberal construction, aiding it, if necessary, by fair intendment. It would, on the other hand, not be reasonable to give a liberal construction to special facts, or to aid special answers by intendment, since that would be to break down the decision of the jury on the whole issue as manifested by their general verdict. Every judgment pronounced on special facts necessarily defeats the main decision embodied in a general verdict by a jury. This general doctrine we have outlined is asserted in many cases. *Smith* v. *Heller*, 119 Ind. 212; *Chicago, etc., R. R. Co.* v. *Ostrander*, 116 Ind. 259; *Cincinnati, etc., R. R. Co.* v. *Clifford*, 113 Ind. 460; *Redelsheimer* v. *Miller*, 107 Ind. 485.

The rules to which we have referred require us to determine whether the special facts, strictly construed and unaided by intendment, can prevail against a general verdict liberally construed, and by fair intendment aided and fortified. It is obvious, therefore, that the question comes to us hedged in by strong fences.

The broad claim that a railroad company may use a highway for general railroad purposes can not be sustained. Neither authority nor principle sanctions or supports it. Railroad companies have one right that, properly exercised, is superior to that of the public, the right of passage for its trains. All other rights are subordinate to the paramount public right. They have, no doubt, a right to repair their tracks at crossings, but this right, subordinate in its nature, must be exercised with due regard to the public safety and convenience, and care, skill, and diligence must be used to prevent injury to travellers. *Terre Haute, etc., R. R. Co.* v. *Clem*, 123 Ind. 15. But the right of using a highway for the storage of cars, or even as a place for the temporary deposit of cars, is not possessed by any railroad company. Possibly an

emergency might arise excusing, or justifying, the temporary use of a highway for such a purpose; but a permanent or temporary occupancy of a highway by the cars of a railroad company is, *prima facie,* unlawful.

It is, therefore, incumbent upon a railroad company which places a car upon a highway, to explain or excuse the act. The act of the appellant in placing the hand-car on the highway was, in this instance, unlawful, and calls for an explanation from the authors of the wrong. We find no satisfactory explanation, nor any reasonable excuse, in the facts exhibited by the answers to special interrogatories. Finding neither explanation nor excuse in the special facts, we must adjudge that none exists, for so the general verdict affirms.

We assume, because we believe it proved by what we have said, that the obstruction of the highway by the hand-car was unlawful, and it remains to ascertain and declare whether it was a wrong of such a character as to give the appellee a right of action. It is not every wrongful obstruction of a public way that invests a plaintiff with a cause of action, even though he may suffer a special grief from the wrong. A man may, for instance, wrongfully leave an ordinary vehicle in the street at which a horse may take fright and throw his rider, yet the rider not have a cause of action. The principle underlying this doctrine is that there must be some connection between the effect and the cause—between the injury and the wrong. It is not necessary, however, that there should be a direct connection between the wrong and the injury; it is enough if it appears that but for the wrong no injury would have occurred, and that the injury was one which might have been anticipated. *Louisville, etc., R. W. Co.* v. *Nitsche, ante,* p. 229; *Milwaukee, etc., R. W. Co.* v. *Kellogg,* 94 U. S. 469. It is, indeed, not necessary that the precise injury which, in fact, did occur should have been foreseen; it is sufficient if it was to be reasonably expected that injury might occur to some person engaged in exercising a legal right in an ordinarily careful manner.

*Louisville, etc., R. W. Co.* v. *Nitsche, supra ; Terre Haute, etc., R. R. Co.* v. *Clem,* 123 Ind. 15; *Cincinnati, etc., R. R. Co.* v. *Cooper,* 120 Ind. 469 (472) ; *Dunlap* v. *Wagner,* 85 Ind. 529; *Billman* v. *Indianapolis, etc., R. R. Co.,* 76 Ind. 166, and authorities cited; *Lane* v. *Atlantic Works,* 111 Mass. 136; *Hill* v. *Winsor,* 118 Mass. 251. We can not escape the conclusion that the facts specially found do not negative the implication of the general verdict that the wrong of the appellant was the proximate cause of the appellee's injury.

In affirming that the wrong of the appellant was the proximate cause of the appellee's injury, we assert by implication that there was a sufficient legal connection between the cause and the effect, and.we shall now give our reasons for this conclusion. It may be conceded, as we have already indicated, that it is not every object wrongfully placed in a highway that creates a cause of action against the person who placed it there, since there may be nothing in the object reasonably calculated to frighten horses of ordinary docility. And it may be further conceded that a hand-car unlawfully in a highway does not necessarily create a cause of action in favor of one who receives an injury caused by his horse taking fright at the car. These concessions (which are provisionally made and not authoritatively affirmed) carry us as far as the strongest decisions favoring the appellant's theory go. *Cleveland, etc., R. W. Co.* v. *Wynant,* 114 Ind. 525; *Piolett* v. *Simmers,* 106 Pa. St. 95; *Gilbert* v. *Flint, etc., R. W. Co.,* 51 Mich. 488.

Far as these provisional concessions carry us, they still do not go far enough to warrant us in disregarding the general verdict. It is probable that if the appellant had not obstructed the highway, as it did, the appellee might have passed in safety, for, had the hand-car been placed on the appellant's right of way, beyond the limits of the highway, it is fair to infer, as in favor of the general verdict, that no harm would have befallen the appellee. It is not an unwarrantable inference to assume that the fact that the car was so

placed in the highway as to require the appellee to pass near it was the proximate cause of her injury, since it is a very natural conclusion that unusual objects very near a horse will cause it to take fright, when, if they were at a considerable distance, they would not frighten a horse of ordinary gentleness. So, too, it may be inferred with entire propriety, that the position occupied by the car was so unusual as to cause the appellee's horse to take fright.

The appellant is certainly not in a very favorable position to ask us to disregard the general verdict, since it is in the position of a wrong-doer without excuse or justification. The wrong it did is not palliated, much less excused, for there was no reason for obstructing the public road, and we can not, as against the general verdict, declare that it should be exonerated from liability.

We deem it proper to add that we seriously doubt whether a railroad company can escape liability where, without any necessity requiring it, a highway is obstructed by the act of its employees in placing a car or cars within the highway limits. *Cleveland, etc., R. W. Co.* v. *Wynant, supra.* We are, indeed, strongly inclined to the opinion that while a railroad company may not be liable for injuries caused by horses taking fright at locomotives and cars used and kept upon its tracks, yet, it may be liable where it places them in a public road, but this question we need not here decide. A railroad company certainly has no right to increase the danger of travellers by placing cars on a public highway.

The fact that the appellee knew that the hand-car was in the highway does not necessarily prove that she was guilty of contributory negligence. We have again and again decided that knowledge of danger is not conclusive evidence of contributory negligence, although the fact of knowledge may have an important bearing upon the question. *Turner* v. *Buchanan*, 82 Ind. 147; *City of Richmond* v. *Mulholland*, 116 Ind. 173; *Board, etc.,* v. *Legg*, 110 Ind. 479, and cases

cited.    See authorities collected in note 2, Elliott Roads and Streets, 470.

