Rogers *et al. v.* Leyden.

| | |
|---|---|
| 127 | 50 |
| 127 | 448 |
| 127 | 50 |
| 128 | 101 |
| 129 | 337 |
| 129 | 471 |
| 127 | 50 |
| 130 | 177 |
| 130 | 184 |
| 127 | 50 |
| 131 | 263 |
| 132 | 113 |
| 132 | 186 |
| 132 | 339 |
| 132 | 446 |
| 133 | 445 |
| 127 | 50 |
| 134 | 468 |
| 135 | 366 |
| 127 | 50 |
| 138 | 424 |
| 138 | 499 |
| 139 | 438 |
| 127 | 50 |
| 143 | 408 |
| 127 | 50 |
| 146 | 53 |
| 127 | 50 |
| 148 | 63 |
| 150 | 522 |
| 151 | 302 |
| 151 | 315 |
| 151 | 598 |
| 152 | 300 |
| 152 | 551 |
| 127 | 50 |
| 153 | 368 |
| 127 | 50 |
| 157 | 700 |
| 127 | 50 |
| 159 | 282 |
| 159 | 658 |
| 127 | 50 |
| 160 | 152 |
| 127 | 50 |
| 161 | 9 |
| 127 | 50 |
| 165 | 112 |
| 127 | 50 |
| 166 | 298 |
| 166 | 299 |
| 127 | 50 |
| 169 | 253 |
| 169 | 258 |

## No. 14,570.

## ROGERS ET AL. *v.* LEYDEN.

MASTER AND SERVANT.—*Known Danger.* — *Assumption of Risk.*—An employee assumes all the risks incident to the service into which he enters, but where the negligent breach of duty on the part of the employer augments the hazards of the service the employee may, unless by voluntarily continuing in the employer's service he has assumed such danger, hold the employer accountable for an injury caused by such negligent breach of duty.

SAME.—*Concurrent Negligence of Master and Fellow-Servant.*—Where the master is negligent he is responsible, although the negligence of a fellow-servant may have concurred in bringing injury upon the plaintiff.

SAME.—*Continuance in Service After Danger Increased.*—*Instruction.*—An employee who voluntarily remains in his employer's service after its danger has been increased by the employer's negligence, can not recover, since he assumes the risk from such known danger; but this rule does not apply where the employer promises to take steps to remove the threatened danger. Hence, it is not error to refuse an instruction unqualifiedly asserting that if the employee remains in the service after he acquires knowledge of the increased danger he can not recover. Such instruction is erroneous also for the reason that knowledge that a master is not discharging his duty in making safe the place where he requires his employees to work will not defeat a recovery by an employee injured by the master's neglect of duty, unless it is inferable that the breach of duty augmented the dangers of the service.

SAME.—Both the question as to whether there was a negligent breach of duty by the employer, and the question as to whether such a breach of duty increased the dangers of the service, are, generally, questions of fact. If only one inference can be drawn from the facts, and the facts are uncontested, the question may be one of law; but where the facts are controverted, or where more than one inference may be reasonably drawn from the facts, the question is, generally, one of fact for the jury. Where more than one inference may be drawn from the facts established by the evidence, the questions as to what inferences shall be deduced are, usually, questions of mingled law and fact, and must be submitted to the jury under appropriate instructions as to the governing rule of law.

SAME.—*Contributory Negligence.*—*Assumption of Risk.*—*Instruction.*—Where it is a material question whether the employee, having knowledge of the danger, assumed it as one of the risks incident to his service, an instruction treating the employee's knowledge as affecting only the question of contributory negligence, while erroneous, is not ground for rever-

sal, where other instructions treat his knowledge as affecting the assumption of the risk, and the jury find specially that the employee did not have knowledge of the increased peril.

VERDICT.—*Answers to Interrogatories.*—The general verdict will stand, unless the antagonism between it and the special answers to interrogatories is so clear and strong as to preclude a reconciliation.

INSTRUCTIONS TO JURY.—*Improperly Expressed.*—*Refusal of Request.*—Unless the instruction asked is expressed in proper terms the trial court may refuse to give it; it is not bound to modify or amend it.

From the Gibson Circuit Court.

*J. W. Ogdon, M. F. Burke, W. Hefferman* and *C. A. Buskirk,* for appellants.

*J. H. Miller, J. E. McCullough, E. P. Richardson* and *A. H. Taylor,* for appellee.

ELLIOTT, J.—The appellants were the owners of a coal mine and the appellee was one of their employees, engaged in mining coal. While engaged in the line of his service, and performing a duty assigned him by his employers, he was injured by the fall of an overhanging part of the roof of the mine. There is evidence tending to prove that the employers knew of the unsafe condition of the mine, and that they had been requested to make it safe, but negligently failed to take steps to make the mine safe or to avert the threatened danger.

It is established law that an employer is bound to use ordinary care and skill to make and keep the place where his employees are required to work in a reasonably safe condition. *Louisville, etc., R. W. Co.* v. *Corps,* 124 Ind. 427 ; *Taylor* v. *Evansville, etc., R. R. Co.,* 121 Ind. 124 ; *Cincinnati, etc., R. W. Co.* v. *Lang,* 118 Ind. 579 ; *Brazil, etc., Co.* v. *Young,* 117 Ind. 520 ; *Louisville, etc., R. W. Co.* v. *Sandford,* 117 Ind. 265 ; *Cincinnati, etc., R. R. Co.* v. *McMullen,* 117 Ind. 439 ; *Pennsylvania Co.* v. *Whitcomb,* 111 Ind. 212 ; *Indiana Car Co.* v. *Parker,* 100 Ind. 181 ; *Cunningham* v. *Union Pac. R. W. Co.,* 4 Utah, 206 ; *Consolidated Coal*

*Co.* v. *Wombacher* (Ill.), 24 N. E. Rep. 627; *Johnson* v. *Spear*, 76 Mich. 139 (15 Am. St. Rep. 298).

It is, however, equally well established that an employee assumes all the risks incident to the service into which he enters. *Louisville, etc., R. W. Co.* v. *Sandford, supra; Indianapolis, etc., R. W. Co.* v. *Watson*, 114 Ind. 20 (5 Am. St. Rep. 578).

But where the negligent breach of duty on the part of the employer augments the hazards of the service, the employee may, unless by voluntarily continuing in the employer's service he has assumed such danger, hold the employer accountable for an injury caused by such negligent breach of duty. It is the risk of ordinary perils incident to the service that the employee assumes, not the hazard of extraordinary risks added by the failure of the employer to perform the duty enjoined upon him by law. An employer who assigns an employee to work in a particular place, or directs him to perform a special duty, must use reasonable care and skill to make it reasonably safe for the employee to perform the duty assigned to him. *Cincinnati, etc., R. W. Co.* v. *Lang, supra,* and authorities cited. In deciding a case somewhat similar to the present, the Court of Appeals said: "When the master ordered the intestate to perform his work as a machinist in the trenches opened and prepared for him, he had a right to assume that the place had been made reasonably safe by the master through other and competent servants employed by him." *Kranz* v. *Long Island R. R. Co.,* 123 N. Y. 1. Many of the instructions given by the trial court substantially embody the principles we have stated, and so far as they do this there is, of course, nothing in them of which the appellants can justly complain.

If it were conceded that the "mine boss" was the fellow-servant of the appellee, and not the representative of the employer, still his negligence would not absolve the employer, although it may have concurred with the negligence of the latter in producing the injury. Where the master is

negligent he is responsible, although the negligence of a fellow servant may have concurred in bringing injury upon the plaintiff. An employer must answer for his own breach of duty to his employees, even though one of his employees was also guilty of negligence which contributed to the wrong done to the injured employee. *Cincinnati, etc., R. W. Co.* v. *Lang, supra ; Coppins* v. *New York Central R. R. Co.*, 25 N. E. Rep. 915 ; *Franklin* v. *Winona, etc., R. R. Co.*, 37 Minn. 409 (5 Am. St. R. 856) ; *Farren* v. *Sellers*, 39 La. Ann. 1011 (4 Am. St. R. 256) ; *Cayzer* v. *Taylor*, 10 Gray, 274 (69 Am. Dec. 317) ; *Paulmier* v. *Erie R. R. Co.*, 34 N. J. L. 151 ; *Booth* v. *Boston, etc., R. R. Co.*, 73 N. Y. 38 (29 Am. R. 97) ; *Myers* v. *Hudson Iron Co.*, 150 Mass. 125 (15 Am. St. R. 176.)

This rule rests on solid principle. It is no more than bare justice to compel a wrong-doer to answer for the proximate consequences of his own negligence, and it would be to the last degree unjust to permit him to escape responsibility upon the ground that some one else was also guilty of culpable negligence. The law can not be reproached with such injustice as is involved in the assertion that a wrong-doing employer may shelter himself behind the act of one of his employees who, like himself, has been guilty of an actionable wrong.

The essential part of the fourth instruction given by the trial court reads thus : " The fact, if it is a fact, that Leyden had knowledge that the roof was in a dangerous condition does not necessarily preclude a recovery by the plaintiff. Knowledge is always an important matter for consideration, but it does not always establish contributory negligence. If one undertakes to pass a known danger so great that no person of ordinary prudence would voluntarily encounter it, then he is guilty of contributory negligence, for no person possessing knowledge of danger has a right to go into a place which ordinarily prudent men would avoid. If, however, the danger is known, but it is not of such a character

as that prudent men would not decline to encounter it, then the attempt to pass it is not, in and of itself, such negligence as will defeat the action.   But if he does attempt to pass it, he must exercise care proportioned to the known danger." In the proper case, or as properly restricted to the single question of contributory negligence, there would be no difficulty in sustaining this instruction.   *Ohio, etc., R. W. Co.* v. *Trowbridge,* 126 Ind. 391, and cases cited.   We do not doubt that it correctly expresses the law as applied to a case where the question is one of contributory negligence, but here the question is not exclusively one of that character, for a material question is whether the appellee, having knowledge of the danger, assumed it as one of the risks incident to his service.   The law upon this point is well settled, for it has often been held that where the danger is known, although it is attributable to a breach of duty on the part of the employee, the employee assumes it as one of the risks of his service if he voluntarily remains in the employer's service after he has acquired a knowledge of the danger. *Louisville, etc., R. W. Co.* v. *Corps, supra; Louisville, etc., R. W. Co.* v. *Sandford, supra; Brazil, etc., Co.* v. *Young, supra; Indianapolis, etc., R. W. Co.* v. *Watson, supra; Indiana, etc., R. W. Co.* v. *Dailey,* 110 Ind. 75; *Lake Shore, etc., R. W. Co.* v. *Stupak,* 108 Ind. 1; *Philadelphia, etc., R. R. Co.* v. *Hughes,* 119 Pa. St. 301; *Wilson* v. *Winona, etc., R. R. Co.,* 37 Minn. 326; *Gaffney* v. *New York, etc., R. R. Co.,* 15 R. I. 456.   An exception to the general rule exists, but exists only where the employer promises to take measures to remove the danger.   *Indianapolis, etc., R. W. Co.* v. *Watson, supra.*

It may, perhaps, be true that if the instruction stood alone we should be compelled to reverse the judgment, inasmuch as it does, in itself, and considered apart from the other instructions, probably attribute an improper effect to the element of knowledge on the part of the employee, in that it treats his knowledge as affecting only the question of con-

tributory negligence, whereas the element of knowledge may have a different effect, and may control a different question. The question which the element of knowledge often controls, as is evident from what we have said, is the question whether the danger known to the employee became, by his voluntary continuance in his employer's service, one of the risks assumed by him as an incident of his service. In other instructions, however, the effect of knowledge on the part of the employee is fully and clearly stated, and we are not prepared to hold that the single instruction misled the jury. The instruction is, in part at least, directed to the question of contributory negligence, and contributory negligence is an element of such cases as this; so that although it is perhaps true that the language used in the instruction is too broad, still, we can not say that the instruction when read, as it must be, in connection with the other instructions, carried the jury astray. It appears, moreover, from the answers to interrogatories that the appellee did not have knowledge of the increased peril due to his employer's breach of duty; hence, it is evident that the jury could not have been misled. It is a familiar rule that an appellant must affirmatively show two things: an erroneous ruling, and that harm resulted from it. *Perkins* v. *Hayward,* 124 Ind. 445. We can not, in the condition of the record, reverse the judgment because of the defect in the instruction in question, for we can not decide that it affirmatively appears that there was material error prejudicial to the appellant. Considering the element of contributory negligence to which the instruction refers, and considering, also, the other instructions, and the answers to interrogatories, we have no doubt that it is our duty to affirm that there was no such error as warrants a reversal of the judgment.

The rule that the court is not bound to give an instruction unless it is correct as it is written, is well settled, and, under this rule, it has been often held that unless the instruction as asked is expressed in proper terms, the court may refuse to

give it.   As has been decided by this and by other courts, a
trial court is not bound to modify or amend an instruction
asked by a party.   *Lawrenceburgh, etc. R. R. Co.,* v. *Mont-
gomery,* 7 Ind. 474;   *Roots* v. *Tyner,* 10 Ind. 87;   *Goodwin*
v. *State,* 96 Ind. 550, *vide* p. 566, and authorities cited.  This
rule justified the court in refusing the second instruction
asked by the appellant, for that instruction, in the terms in
which it was expressed, was incorrect.   It is true, as a gen-
eral rule, that an employee who remains in his employer's
service after its danger has been increased by the employer's
negligence, can not recover, since he assumes the risk from
such known danger; but that rule does not apply to a case
where the employer promises to take steps to remove the
threatened danger.   *Indianapolis, etc., R. W. Co.* v. *Watson,
supra.*

It follows from this rule that it is not error to refuse an in-
struction unqualifiedly asserting that if the employee re-
mains in the service after he acquires knowledge of the in-
creased danger he can not recover.   But the objection sug-
gested is not the only one.   It does not necessarily follow
that knowledge that a master is not discharging his duty in
making safe the place where he requires his employees to
work will defeat a recovery by an employee injured by the
master's neglect of duty; to produce this result it must be
also inferable that the breach of duty augmented the dangers
of the service.   An employee may know that the employer
is not performing his duty, and yet not know that the perils
of his service are augmented.   It is not, it is true, necessary
that the fact that the perils of the service were increased
should be established by direct evidence; it is sufficient if
there be evidence from which that fact can be reasonably in-
ferred.   Both the question as to whether there was a negli-
gent breach of duty by the employer, and the question as to
whether such a breach of duty increased the dangers of the
service, are, in the great majority of cases, questions of fact.
*Hawley* v. *Northern Central R. W. Co.,* 82 N. Y. 370;

*Thomas* v. *Quartermaine,* 18 Q. B. D. 685 ; *Louisville, etc., R. W. Co.* v. *Corps,* 8 Lawyers' Ann. Rep. 636, note.

If the danger is so apparent that an ordinarily prudent man would have observed and heeded it, then, it is one which the employee assumes, if with knowledge of its existence, and without any promise on the master's part to remove the danger, he voluntarily continues in the service of his employer. This, as we have seen, is the doctrine of our cases, and it is the doctrine of many other courts. *Reitman* v. *Stolte,* 120 Ind. 314; *Jenney, etc., Co.* v. *Murphy,* 115 Ind. 566 ; *District of Columbia* v. *McElligott,* 117 U. S. 621 ; *Leary* v. *Boston, etc., R. R. Co.,* 139 Mass. 580 ; *Eureka Co.* v. *Bass,* 60 Am. Rep. 152 ; *Woodley* v. *Metropolitan R. W. Co.,* 2 Ex. Div. 384.

If only one inference can be drawn from the facts, and the facts are uncontested, the question may be one of law; but where the facts are controverted, or where more than one inference may be reasonably drawn from the facts, the question is generally one of fact for the jury. *Hough* v. *Railway Co.,* 100 U. S. 213 ; *Wallace* v. *Western, etc., R. R. Co.,* 2 Am. St. Rep. 346 ; *Baltimore, etc., R. R. Co.* v. *Walborn, post,* p. 142. In whatever form the question of negligence arises it is ordinarily one for the jury wherever it involves a decision of a question of fact.

In cases where there may be more than one inference drawn from the facts established by the evidence, the questions as to what inferences shall be deduced are usually questions of mingled law and fact, inasmuch as they must be submitted to the jury under appropriate instructions as to the governing rule of law. In such cases the court instructs as to the law, and the jury, under the law as instructed by the court, determines the questions of fact. A long line of cases affirms and enforces this rule. *Gagg* v. *Vetter,* 41 Ind. 228 (13 Am. R. 322) ; *Pittsburgh, etc., R. R. Co.* v. *Nelson,* 51 Ind. 150 ; *Louisville, etc., R. W. Co.* v. *Richardson,* 66 Ind. 43 ; *Louisville, etc., R. W. Co.* v. *Stevens,* 87 Ind. 198 ; *Lou-*

*isville, etc., R. W. Co.* v. *Krinning,* 87 Ind. 351; *Pittsburgh, etc., R. R. Co.* v. *Spencer,* 98 Ind. 186, and cases cited p. 190; *City of Indianapolis* v. *Cook,* 99 Ind. 10, and cases cited p. 14; *Chicago, etc., R. R. Co.* v. *Ostrander,* 116 Ind. 259. In the case last cited it was said : "It has practically become a legal maxim in this State that negligence is a mixed question of law and fact, and is a question of law where the facts are undisputed, and the inference to be drawn from them unequivocal." It was, therefore, proper to submit, with correct directions as to the law, the question whether there was negligence on the part of the employer as well as the question whether the employee was guilty of negligence in not discovering the employer's breach of duty and ascertaining its result. The question whether a plaintiff is or is not guilty of contributory negligence is, it may be proper to add, generally one of fact, for the principles declared in the cases to which we have referred rule cases where the question is one of contributory negligence. *Hawkins* v. *Johnson,* 105 Ind. 29.

An employee has a right to presume that his employer has discharged his duty, but this rule does not go to the extent of exempting him from the duty of exercising reasonable care. He can not excuse himself from the duty of making a prudent and reasonable use of his faculties, or of heeding, with due care, facts open and visible to ordinary observation. He is not bound to exercise unusual care to discover defects caused by his employer's negligence, but he is bound to conduct himself with reasonable care and prudence. *Pennsylvania Co.* v. *O'Shaughnessy,* 122 Ind. 588; *Cincinnati, etc., R. W. Co.* v. *Lang, supra; Louisville, etc., R. W. Co.* v. *Wright,* 115 Ind. 378; *Bradbury* v. *Goodwin,* 108 Ind. 286; *Louisville, etc., R. W. Co.* v. *Buck,* 116 Ind. 566, and cases cited p. 573 ; *Reitman* v. *Stolte,* 120 Ind. 314, see p. 317.

Whether the appellee did use due care to ascertain the dangers of his working place was in this instance properly submitted to the jury by the instructions of the trial court,

and it was not error to refuse those asked by the appellants. *Lake Shore, etc., R. W. Co.* v. *Stupak*, 123 Ind. 210.

The trial court did not err in refusing to enter judgment upon the answers to the special interrogatories propounded to the jury. A general verdict necessarily embodies the decision of the jury as to the right of the whole case upon the law and the evidence, while answers to interrogatories find only upon special questions of fact, and hence it is no more· than reasonable and just to hold, as it has often been held, that the general verdict will stand unless the antagonism between it and the special answers is so clear and strong as to preclude a reconciliation. *Ohio, etc., R. W. Co.* v. *Trowbridge, supra; Town of Poseyville* v. *Lewis,* 126 Ind. 80; *Graham* v. *Payne,* 122 Ind. 403; *Indianapolis, etc., R. W. Co.* v. *Lewis,* 119 Ind. 218; *Smith* v. *Heller,* 119 Ind. 212; *Grand Rapids, etc., R. R. Co.* v. *Ellison,* 117 Ind. 234; *Chicago,*,*etc., R. R. Co.* v. *Ostrander, supra; Cincinnati, etc., R. R. Co.* v. *Clifford,* 113 Ind. 460; *Redelsheimer* v. *Miller,* 107 Ind. 485. There is no such antagonism between the general verdict and the special answers returned by the jury in this case.

Judgment affirmed.

Filed Jan. 17, 1891.