The Big Creek Stone Company v. Wolf, Administratrix.

No. 16,445.

THE BIG CREEK STONE COMPANY v. WOLF, ADMIN-
ISTRATRIX:

PLEADING.—*Complaint.*—*Master and Servant.*—*Defective Appliance.*—
*Personal Injury.*—*Death.*—A complaint for damages caused by a de-
fective appliance (a derrick) by the administratrix of the deceased
servant against the master, is sufficient where it shows that the
master had full knowledge of the defect, and that the deceased serv-
ant was ignorant of the same.

MASTER AND SERVANT.—*Personal Injury (Death) of Servant.*—*Damages.*
—*Defective Appliance.*—*Knowledge of.*—*Verdict, When Not Sustained
by the Evidence.*—In an action for damages by the administratrix of
a deceased servant whose death was caused by a defective appliance
(a derrick), there can be no recovery where the evidence shows,
beyond controversy, that the servant had an equal, if not a better,
opportunity of knowing of the defect than the master.

.From the Monroe Circuit Court.

*F. M. Finch, J. A. Finch, J. H. Louden* and *W. P.
Rogers*, for appellant.

*J. H. Jordan, J. R. East, O. Matthews* and *J. Grimsley*,
for appellee.

COFFEY, J.—This was an action by the appellee, in
the Monroe circuit court, against the appellant, to recover
damages on account of the death of Chris. Wolf, the
husband of the appellee. Wolf was killed the 23d day
of August, 1890, in the rock quarry of the appellant, in
Monroe county, by the falling of a derrick. It is alleged
in the complaint that the deceased, at the time of his
death, was employed at the quarry in the capacity of an
engineer; that appellant kept, and used at the quarry, a
derrick which was wholly insufficient for the purposes
for which it was used; that its timbers were weak and
old; that in constructing, erecting and putting it in
place for use, it was necessary in order to secure the top

attachments of the two knee braces, which were a necessary part of the machine, to have an iron key and fastening passing through the iron bolt, which was attached to the top of the mast to securely hold the braces in position, and thereby prevent the derrick from coming apart, breaking and falling when used in hoisting large stones, all of which was well known to the appellant at the time the same was .erected, and, well knowing that fact, it negligently failed to put any key through said bolt; that the appellant knowing the weak and defective condition of the derrick, proceded to use the same on the 23d day of August, 1890, in hoisting large stone, by reason of which it broke and fell, killing the said Wolf without any negligence or fault on his part; that Wolf was ignorant of the defects in the derrick, while the appellant had full knowledge of the same.

A trial of the cause resulted in a verdict and judgment for the appellee, from which the appellant appeals to this court, and assigns as error:

*First.* That the circuit court erred in overruling the appellant's demurrer to the complaint.

*Second.* That the circuit court erred in overruling the appellant's motion for a new trial.

We think the complaint states a cause of action. The rule that the master is bound to use ordinary care in furnishing the servant a safe place to work, and safe machinery and appliances is too well settled and too well known to require the citation of authorities. This complaint shows a failure on the part of the appellant to discharge that duty, and alleges that Wolf, the deceased, was ignorant of the defective condition of the derrick which caused his death.

The court did not err in overruling a demurrer to this complaint.

It is contended by the appellee, that we can not consider the other error assigned, for the reason that the evidence in the cause is not properly in the record. We can not agree with the appellee in this contention. The longhand manuscript of the official reporter is embodied in a proper bill of exception, in exact compliance with the rule established in the case of *Wagoner* v. *Wilson*, 108 Ind. 210, and the cases following it. When the evidence comes to us in this form, we will not presume that the bill of exceptions was blank when signed by the judge, in the absence of some legitimate showing to the contrary. We think the evidence is properly in the record.

Many questions are presented on the second assignment of error; but as we have reached the conclusion that the verdict of the jury is not sustained by the evidence, we deem it unnecessary to consider any other question.

The facts in the case, as they are developed by the evidence, are that Wolf, the deceased, formerly owned the derrick, the breaking of which resulted in his death, using it in a quarry operated by himself. He sold it to the appellant, and the evidence tends to prove that he was entrusted ·with the duty of putting it up in the quarry owned by the appellant; at least it is proven and not denied that he assisted in putting it up. He was requested, by one of the employes of the appellant, to put in the key mentioned in the complaint, but replied that he would put that in some other day. Within a day or two after it was erected at the stone quarry of the appellant, in lifting a large stone, the derrick broke, and Wolf, from whom it was purchased, was crushed and killed.

Without the allegations in the complaint to the effect that the deceased was ignorant of the defects in the derrick, the falling of which resulted in his death, and that

the appellant had knowledge of such defects, the appellee could not have secured a lodgment in court. *Brazil Block Coal Co.* v. *Young*, 117 Ind. 520; *Rietman* v. *Stolte*, 120 Ind. 314; *Rogers* v. *Leyden*, 127 Ind. 50; *Lake Shore, etc., R. W. Co.* v. *Stupak*, 108 Ind. 1.

In order to succeed in the action, it was necessary to prove these allegations. The evidence proves, beyond controversy, that he had an equal, if not a better, opportunity of knowing the condition of the derrick than the appellant. Where the danger is equally known or open to both the master and the servant, there is no liability on the part of the master. *Vincennes, etc., Co.* v. *White*, 124 Ind. 376; *Swanson* v. *City of Lafayette*, 134 Ind. 625.

Judgment reversed, with directions to the circuit court to sustain the appellant's motion for a new trial.

Filed Sept. 20, 1894.