Becker *et al. v.* Baumgartner.

Filed Dec. 15, 1892.

---

No. 661.

## BECKER ET AL. *v.* BAUMGARTNER.

MASTER AND SERVANT.—*Action for Personal Injuries.—Defective Machinery.— Employee's Knowledge of.—Complaint.—* In an action by an employee against his employers, to recover damages for personal injuries, a complaint failed to state a good cause of action which averred that the plaintiff was required to shift a belt from one pulley to another, which propelled a circular saw ; that the belt was rotten, and no shifter being provided, the plaintiff was compelled to shift it with a stick, and while attempting to do so the stick was caught in the frayed edges of the belt and broken, and a piece thereof struck and injured the plaintiff, but which failed to aver that the plaintiff was ignorant of the defective condition of the belt. An allegation in the complaint that the plaintiff was ignorant of the danger attending the shifting of the belt with a stick does not aid the complaint. The defendants had the right to assume that the plaintiff could fully appreciate the perils of the situation, and would use prudent means for his own protection.

SAME.—*Complaint.—Averment as to Absence of Contributory Fault.—-Demurrer.* —The fact that the complaint in such action averred that the plaintiff was without contributory fault did not make it good against a demurrer. The defect in the complaint was, that it failed to make a case of actionable negligence against the defendants.

SAME.—*Complaint.—Proof of Variance.—*Where in such an action the complaint proceeded upon the theory that the plaintiff was ignorant of the danger, it will not be supported by proof that he did know all about it, but remained in the service of the defendants upon their promise to provide a remedy.

NEGLIGENCE.—*Defective Machinery.—Assumption of Enhanced Danger by Employee.—Duty of Employer.—*Negligence consists in the omission of a duty, and where there is a defect in machinery or appliances under such circumstances that the employee, by the terms of his engagement, assumes the enhanced dangers, the employer is under no obligation to remedy

Becker *et al. v.* Baumgartner.

the defect. He owes no duty to remove the danger, consequently his failure to do so will not constitute negligence.

From the Vanderburgh Superior Court.

*I. T. Walker*, for appellants.

*J. S. Buchanan* and *C. Buchanan*, for appellee.

CRUMPACKER, C. J.—The complaint upon which appellee recovered below is in substance as follows: Appellants were engaged in the business of manufacturing wagons in the city of Evansville, and appellee was employed by them to run the engine for their manufacturing establishment, and to perform such other work therein as might be required of him; that on the 15th day of May, 1891, while so engaged, appellee was required to shift a belt from one pulley to another, which propelled a circular saw, and to saw out some lumber; that said belt was "old, worn, frayed and rotten," and appellants had carelessly and negligently failed to provide a shifter for said belt, and appellee was compelled to shift it with a stick, and while attempting so to do the stick was caught in the frayed edge of the belt and broken in pieces, and a piece thereof was hurled with great force against and into his right eye, entirely destroying it; that appellants had knowledge of the rotten and unsafe condition of the belt, and of the fact that it was unsafe to attempt to shift it without a shifter prepared therefor; that appellee was without knowledge of machinery, and had no experience in shifting belts by the method used in appellant's establishment before he was employed therein, and he was unaware that it was unsafe to shift the belt in that manner or that he was liable to be injured in so doing; that appellants gave him no notice of the dangerous condition of the belt or of the peril of attempting to shift it with a stick. It was also alleged that the injury occurred without appellee's fault.

VOL. 5.—37

The first assignment of error questions the sufficiency of the complaint to withstand a demurrer.

In the absence of averments to the contrary, it must be presumed that appellee was a man of mature years and judgment and that he would exercise that degree of caution for his own safety that men of ordinary prudence would employ under similar conditions. There was no shifter for the belt in question when appellee entered upon his employment, and he must have had full knowledge of such fact, and consequently he assumed all of the risks incident to the absence of a shifter. An employer, ordinarily, undertakes to furnish his employee with reasonably safe tools and appliances with which to work, as far as this may be done by the exercise of common care and diligence, and the employee, in the absence of information to the contrary, has the right to assume that the employer has fully performed his duty in that respect. Upon the other hand, the employee assumes all of the incidental hazards of the employment. These elements are imported into the contract of employment by operation of law, and they furnish the measure of the rights and liabilities of the contracting parties, unless by agreement, express or implied, a different standard is adopted. If the employer has in use appliances which contain defects such as to enhance the perils of the employment and the employee is fully apprised of such fact and remains in the service the law will imply an agreement upon his part that he shall assume the enhanced risks in the absence of facts and circumstances showing a different understanding between them. But if the employee should object to the use of the defective appliance, and the employer should promise to remedy the defect, and thereby induce the former to remain in the service, with the reasonable expectation that the danger would be removed without unnecessary delay, it would repel the implication of the assumption of the increased risk upon the part of the em-

ployee and leave it with the employer.  *Indianapolis, etc., R. W. Co.* v. *Watson,* 114 Ind. 20 ;  *Brazil, etc., Co.* v. *Hoodlet,* 129 Ind. 327.

Applying these principles to the complaint under consideration, the conclusion is forced that appellee, by the terms of his employment, assumed all of the risks incident to the adjustment of the belt without a shifter.   If the complaint states a cause of action, then, it must be upon the theory that the belt which transmitted power to the circular saw was so worn and defective as to make it dangerous.   It is not charged that appellee was ignorant of the condition of the belt, although it is alleged that appellants failed to inform him of its condition.   It is plain that such averment is not equivalent to an allegation that he did not know its condition, for he may have been apprised of it by some other person or learned it by observation and experience.   Under the rule requiring allegations to be construed most strongly against the pleader, it may be fairly presumed that appellee was fully cognizant of the condition of the belt long before the accident.

It is further alleged that appellee had but little acquaintance with machinery, and had no experience in shifting belts with a stick previous to his employment in appellant's establishment, but it does not appear how long he had been employed there before the injury.   He may have been so engaged for a year and shifted the belt in question a thousand times and become thoroughly familiar with it, consistently with the averments of the complaint.

The charge that appellee was ignorant of the dangers attending the shifting of the belt with a stick adds little to the strength of the complaint.   He was a man of ordinary intelligence, and appellants had the right to assume that he could fully appreciate the perils of the situation, and would use prudent means for his own protec-

tion. The belt was in plain view, its velocity was obvious and its defects patent, and special skill was not required to judge of the probabilities of the stick becoming entangled in its frayed or broken edges in attempting to shift it.

It is argued that the negation of contributory negligence upon the part of appellee renders the complaint invulnerable against the demurrer, but the infirmity does not consist of the contributory fault of appellee, but of the failure to make a case of actionable negligence against appellants. It is not, accurately speaking, contributory negligence for an employee to knowingly work with defective machinery and appliances, for there he assumes the increased risk, and such assumption becomes part of the terms of his contract.

Negligence consists in the omission of a duty, and where there is a defect in machinery or appliances under such circumstances that the employee, by the terms of his engagement, assumes the enhanced dangers, the employer is under no obligation to remedy the defect. He owes no duty to remove the danger, consequently his failure to do so will not constitute negligence. This principle was expressly declared in *Lake Shore, etc., R. W. Co.* v. *Stupak,* 108 Ind. 1.

The demurrer to the complaint should have been sustained.

It was proved at the trial that appellee had been working in appellant's factory for ten months at the time of the accident, and that it was his duty to keep the belt in question in repair. He had shifted it with a stick, according to his own admission, from three to four times every day during the entire term of his employment. He knew all about its defective condition, having repaired it only two days before the injury, but he claimed that he notified appellants of its defective condition at that time, and they directed him to go on with his work, promising

to procure a new one. It does not appear whether he complained of the belt because he considered it dangerous or because it failed to transmit power sufficient to run the saw with efficacy. However, such proof did not correspond to the issues. A recovery can only be upheld *secundum allegata et probata*. The complaint is predicated, though imperfectly, upon the theory that appellee was ignorant of the danger, and this will not be supported by proof that he did know all about it, but remained in the service upon appellant's promise to provide a remedy. Such facts would constitute a special contract, creating an exception to the general rule, and can only be proved when specially pleaded.

The judgment is reversed.

Filed Dec. 15, 1892.