The Kentucky and Indiana Bridge Company v. Eastman.

Filed September 27, 1893.

---

No. 791.

### The Kentucky and Indiana Bridge Company v. Eastman.

EMPLOYER AND EMPLOYE.— *Unsafe Appliances.—Action by Employe for Damages.—Essential Elements.—Instructions to Jury.—Recovery.*—In an action by an employe against his employer for damages resulting from unsafe appliances, while in the line of his duty, the essential elements to be established, in addition to the injury, before there can be a recovery, are (1) that the appliance was defective; (2) that the employer had notice thereof, or, by reasonable diligence, ought to have known of it; (3) that the employe did not know of the defect, and did not have equal means of knowing with the employer; and if, in instructing the jury, any of these essential elements is omitted, such omission will constitute reversible error.

SAME.—*Defective Appliance.—Knowledge of.—Contributory Negligence.— Complaint.—Necessary Allegation.*—In such case, the averment and proof of freedom from contributory negligence will not supply the lack of an allegation and proof that the employe did not know of the defect.

From the Floyd Circuit Court.

*A. Dowling*, for appellant.

*C. L. Jewett* and *H. E. Jewett*, for appellee.

GAVIN, C. J.—The appellee was a brakeman employed on appellant's road running over the bridge and trestle between New Albany and Louisville.   He recovered

judgment for damages resulting from an injury received by reason of the negligence of appellant in failing to supply a safe car, the defect being the insufficiency of a gate placed on the platform at the end of the car, against which appellee fell. . By reason of its opening he was thrown from the train.

Two causes for a new trial are asserted here, the insufficiency of the evidence and error of law in giving the second instruction asked by appellee.

The instruction complained of reads as follows: "If you find from the evidence that the defendant did not provide suitable cars, appliances and implements, for the safe performance of the plaintiff's duties as brakeman, and you are further satisfied that if the defendant had exercised reasonable care and skill in providing such cars, appliances and implements, then the defendant is liable for any injury sustained by the plaintiff in the performance of his duties, in consequence of such failure, if the plaintiff was himself without fault contributing to such injury."

The rule is thoroughly established that the master must use reasonable care to provide his employes with a safe working place and appliances. *Matchett* v. *Cincinnati, etc., R. W. Co.*, 132 Ind. 334; *Rogers* v. *Leyden*, 127 Ind. 50; *Cincinnati, etc., R. W. Co.* v. *Roesch*, 126 Ind. 445; *Pennsylvania Co.* v. *Burgett*, 7 Ind. App. 338, 33 N. E. Rep. 914.

It has also been repeatedly decided by our Supreme Court that the employe can not recover from the master for injuries suffered by reason of defects in the machinery or appliances used by him where the danger is known to the employe, although the employer may have been negligent, the employe being deemed to have assumed the danger as one of the risks of his service, if he voluntarily remains in the employer's service after he has ac-

quired knowledge of the danger. *Lake Shore, etc., R. W. Co.* v. *Stupak*, 108 Ind. 1; *Indiana, etc., R. W. Co.* v. *Dailey*, 110 Ind. 75; *Louisville, etc., R. W. Co.* v. *Sandford, Admx.*, 117 Ind. 265; *Louisville, etc., R. W. Co.* v. *Corps*, 124 Ind. 427; *Rogers* v. *Leyden, supra*; *Brazil Block Coal Co.* v. *Hoodlet*, 129 Ind. 327; *Becker* v. *Baumgartner*, 5 Ind. App. 576, 32 N. E. Rep. 786; Beach on Cont. Neg., section 382.

If, however, the employe be induced to continue in service by the employer's promise, express or implied, to remedy the defect, then an exception to this rule arises. *Becker* v. *Baumgartner, supra; Indianapolis, etc., R. W. Co.* v. *Watson*, 114 Ind. 20; *Brazil Block Coal Co.* v. *Hoodlet, supra.*

In the last case referred to, it is also held that the risk is not thus assumed by the employe where, by the direction of his employer, he undertakes some work outside of the line of, or away from, the place of his regular employment.

These cases also establish the proposition that it is incumbent upon the employe, in an action for damages, to allege in his complaint his want of such knowledge, and that without such allegation it will be bad on demurrer.

Earlier cases regarded the employe's knowledge of the defect as simply an element of contributory negligence, but these later cases fix it beyond our power to question, as an independent factor of the plaintiff's case, the want of which must be alleged and proved separate and distinct from want of contributory negligence. We find the law thus laid down in Wood's Law of Master and Servant, section 414: "The servant, in order to recover for defects in the appliances of the business, is called upon to establish three propositions:

"1st. That the appliance was defective.

"2d. That the master had notice thereof, or knowledge, or *ought* to have had.

"3d. That the servant did not *know* of the defect, and had not equal means of knowing with the master."

Following these rules, the appellee made the allegation in his complaint.

The charge in question is, as it comes to us, confused and manifestly incomplete, yet it undertakes to prescribe the facts upon which appellee shall be entitled to a recovery, and entirely ignores the essential fact of want of knowledge of the defect upon the part of the appellee.

The case of *Louisville, etc., R. W. Co.* v. *Corps*, and others cited above, hold that the allegation that he was free from contributory negligence does not include the averment as to want of knowledge, nor dispense with a direct allegation upon that point. Being an essential element of the complaint, it follows, of course, that it is essential that it be found by the jury to be true before they can be authorized to find for the plaintiff.

Counsel for appellee insist that the charge is good so far as it goes, and therefore not liable to the objection made. This view we can not support. We can not adjudge the charge to be good as far as it goes. It undertakes to fix the basis upon which appellee is entitled to found a recovery. In doing this, the omission of an essential feature is fatal.

We have examined the instructions carefully, and find nothing therein to cure the error nor to supply the omission. Under the evidence, there were facts and circumstances shown from which the jury might have inferred knowledge upon the appellee's part, notwithstanding his own denial of it. This being true, we are unable to say that the error is harmless, but are constrained to hold with appellant that the instruction was materially wrong,

and that for this reason a new trial should have been granted.

As to the other ground of the motion, it is unnecessary to now determine.

Judgment reversed, with instructions to sustain the motion for a new trial.

Filed Sept. 27, 1893.