No. 971.

## LYNCH *v.* THE CHICAGO, ST. LOUIS AND PITTSBURGH RAILROAD COMPANY.

EMPLOYER AND EMPLOYE.—*Personal Injury.—Knowledge of Defects and Danger by Employe.—Assumption of Risks.—Judgment on Answers to Interrogatories, Non Obstante.*—In an action for damages for personal injuries received while in the employment of rolling car wheels, in which a general verdict was rendered for plaintiff, it was not error for the court, on motion, to render judgment for defendant on the answers to interrogatories, which established the fact that plaintiff had knowledge of the defective condition of the track on which the wheels were rolled, and of the danger attendant thereon, the want of such knowledge by plaintiff being essential to the sufficiency of the complaint.

SAME.—*Knowledge of Condition of Appliance.*—In such case, a finding that the employe knew the condition of the track, fastens upon him not only knowledge of some, but of all the defects existing in the track.

From the Marion Superior Court.

*J. E. McCullough* and *L. P. Harlan,* for appellant.

*S. O. Pickens,* for appellee.

GAVIN, J.—The appellant sued appellee for damages occasioned by injuries suffered by him while rolling car wheels in the line of his employment and under the direction and command of appellant.

It was alleged, in the complaint, that the wheels weighed six hundred pounds and were rolled along a plank track consisting of planks laid lengthwise loosely nailed at the ends, with rotten edges and with cracks between the planks, which were filled in with dirt or other soft material and covered over with dust, so that the flanges of the wheels would run into the cracks, and fall. While engaged in rolling a wheel, it rolled into a crack between the planks, spread them apart, and thereby caught appellant's foot, and fell over on it, all without any fault

on his part and solely by reason of appellee's negligence. Knowledge of the defect and danger by the appellee, and want of such knowledge upon the part of the appellant, are expressly alleged.

Upon the trial there was a general verdict for appellant, with answers to interrogatories. Upon these answers judgment was rendered in favor of the appellee over appellant's exception. The correctness of this action of the court is presented for our consideration.

From the interrogatories and answers thereto, it appears that appellant was injured, as alleged in the complaint, while engaged in the line of duty, rolling car wheels over a track formed by three rows of boards laid lengthwise, with a crack between the boards one inch or more wide, filled in with cinders; that for a month before the accident the crack had been in the same condition as at the time of its occurrence; that appellee had been employed as a roustabout forty or forty-five days before he was hurt, but had, on one occasion, rolled eight or ten wheels over this track before that day, and upon the day of the accident, had rolled four or five before he was hurt. He had been instructed how to roll the wheels and of the danger connected with rolling them, and how to avoid such danger, before the time of the injury, but not by the foreman. The danger connected with the rolling of wheels and the way to avoid it was apparent to a person of ordinary intelligence and judgment.

Appellant was forty years old, and in full possession of his sense of sight. The crack into which the wheel rolled was in such condition that it could be seen that a crack was at that place, by a person walking over the boards at that place, if he gave ordinary attention to the place where he was walking; appellant could have known of the condition of the boards and of the existence of the

crack before that day, if he had exercised ordinary care and diligence in his work about the yards and in his surroundings, and did know such facts prior to such day. He also knew, or by the exercise of ordinary care and attention could have known, that in rolling the wheel over the boards where he was injured it was liable to run into a crack, and fall. He knew also of the condition of the track where he was hurt and of the existence of the crack in question, before the wheel ran into the crack, and that the wheel was liable to run into it.

It is undisputed that the answers to interrogatories will not control the general verdict, unless irreconcilable with it. Nor will the answers be aided by intendment. The answers must, of themselves, establish some fact or facts which are absolutely incompatible with the appellant's right to recover upon any evidence admissible under the pleadings, else the general verdict must stand. *Ohio, etc., R. W. Co.* v. *Trowbridge*, 126 Ind. 391; *Town of Poseyville* v. *Lewis*, 126 Ind. 80; *Chicago, etc., R. W. Co.* v. *Spilker*, 134 Ind. 380, 33 N. E. Rep. 280; *Evansville, etc., R. W. Co.* v. *Weikle*, 6 Ind. App. 340, 33 N. E. Rep. 639.

The only question presented by these answers is as to the assumption of the risk of the defective track by appellant.

Applying to the facts specially found a strict and not a liberal rule of construction, we still think it clearly appears that since appellant knew the condition of the track and the existence of the crack in question, and that the wheel was liable to run into it, and also knew, or by the exercise of reasonable care might have known, that the wheel was liable to run into a crack, and fall, he is chargeable with knowledge, both of the defect and of the danger.

The finding that he knew the condition of the track

Lynch v. The Chicago, St. Louis and Pittsburgh Railroad Company.

fastens upon him not only knowledge of some but of all the defects existing in the track.

The law requires the master to exercise reasonable care to provide his employes with safe working places and appliances. *Kentucky, etc., Bridge Co.* v. *Eastman,* 7 Ind. App. 514, 34 N. E. Rep. 835; *Evansville, etc., R. W. Co.* v. *Holcomb,* 36 N. E. Rep. 39, and cases there cited.

It is also settled as a general rule in Indiana that the employe can not recover from the master for injuries suffered by reason of defects in the place where he works, or the machinery or appliances with which he works where the danger is known to him at the time of his employment or where he voluntarily remains in the service after he has acquired such knowledge, or, by the exercise of due care, should have acquired it. Under such circumstances he is deemed to have assumed the risk. *Ames, Admr.,* v. *Lake Shore, etc., R. W. Co.,* 135 Ind. 363, 35 N. E. Rep. 117; *Evansville, etc., R. R. Co.* v. *Duel,* 134 Ind. 156, 33 N. E. Rep. 355; *Swanson* v. *City of Lafayette,* 134 Ind. 625, 33 N. E. Rep. 1033; *Kentucky, etc., Bridge Co.* v. *Eastman, supra; W. C. DePauw Co.* v. *Stubblefield,* 132 Ind. 182; *Brazil Block Coal Co.* v. *Hoodlet,* 129 Ind. 327; *Rogers* v. *Leyden,* 127 Ind. 50; *Louisville, etc., R. W. Co.* v. *Corps,* 124 Ind. 427; *Louisville, etc., R. W. Co.* v. *Sandford, Admx.,*117 Ind. 265; *Rietman* v. *Stolte,* 120 Ind. 314; *Indianapolis, etc., R. W. Co.* v. *Watson,* 114 Ind. 20.

Where the employe's continuance in the service is induced by the master's promise to remedy the defect, either express or implied, there is an exception to this general rule. *Becker* v. *Baumgartner,* 5 Ind. App. 576, 32 N. E. Rep. 786; *Indianapolis, etc., R. W. Co.* v. *Watson, supra; Joliet, etc., R. W. Co.* v. *Velie,* 26 N. E. Rep.

1086; *Roux* v. *Lumber Co.*, 85 Mich. 519; *Greene* v. *Minneapolis, etc., R. W. Co.*, 31 Minn. 248.

So, also, there is an exception where by the direction of the employer he undertakes some work outside of the line of or away from the place of his regular employment. *Brazil Block Coal Co.* v. *Hoodlet, supra;* *Louisville, etc., R. W. Co.* v. *Hanning, Admr.*, 131 Ind. 528; *Cincinnati, etc., R. R. Co.* v. *Madden*, 134 Ind. 462, 34 N. E. Rep. 227.

There may also be other exceptions, but we are not concerned with them here.

While there is a conflict between the adjudicated cases and the text writers as to whether working with such knowledge of a dangerous defect constitutes an assumption of the risk occasioned thereby, or is simply one factor going to establish contributory negligence—Buswell on Pers. Inj., sections 207, 208, 209—the question can not be regarded as an open one in Indiana. The cases to which we have referred establish this knowledge as an independent element separate and distinct from contributory negligence.

The rule has been thus stated: "That an employe who knows, or by the exercise of ordinary diligence could know, of any defects or imperfections in the things about which he is employed, and continues in the service without objection, and without promise of change, is presumed to have assumed all the consequences resultant from such defects, and to have waived all right to recover for injuries caused thereby." *Jenney, etc., Co.* v. *Murphy*, 115 Ind. 566.

In order that he shall be deemed to have assumed the risk, he must be chargeable with knowledge not only of the defect, but of the danger therefrom. *Rogers* v. *Leyden*, 127 Ind. 50.

In *Louisville, etc., R. W. Co.* v. *Sandford, Admx.*, 117

Ind. 265, speaking concerning the master's duty to furnish a safe place to work, the court says: "But if he fails to do his full duty, and the employe has seasonable and adequate knowledge of the failure and continues in the service, he assumes the risk resulting from this failure."

Counsel for the appellant endeavor to take this case out of the general rule upon the ground that under the general verdict it may have been found that the servant did the act in doing which he was injured by the express command and direction of the master, and did not, therefore, assume the risk, even though known. This question we do not feel called upon to determine, for the reason that we are fully satisfied that this is not the case made out by the complaint, and such proof would not sustain the complaint.

Under the authorities which we have referred to, the complaint would be bad on demurrer, did it not contain the allegation of want of knowledge of the defect and danger.

The allegations of the complaint are that on the said "11th day of April, 1890, and at the time of receiving the injury hereinafter complained of, the plaintiff, acting under the command and direction of said defendant and within the scope of his said employment, was engaged in rolling car wheels," etc. * * * And, that "while so engaged, with others, in rolling car wheels over the defendant's said line of roadway, under the command and direction of said defendant, and within the scope of his said employment and without any negligence or carelessness upon his part, and while balancing and rolling said car wheels on the flanges thereof, as was the usual and customary way of rolling said wheels, and as it was his duty, and as he was required to do, the wheel which plaintiff was rolling rolled into a crack," etc. This is

the only reference to command or direction by the master, and when coupled with the allegations of absolute ignorance by appellant of the defect and danger, these allegations could not be deemed supported by proof of actual knowledge and reliance upon a direct command to relieve him from the results attaching to that knowledge.    Such proof would present a case radically and essentially different from that set forth in the pleading, and where this is the case the pleading is not sustained thereby.    *Cleveland, etc., R. W. Co.* v. *Wynant*, 100 Ind. 160; *Armacost, Admr.*, v. *Lindley, Admr.*, 116 Ind. 295.

In *Becker* v. *Baumgartner, supra,* it is said:    ''The complaint is predicated, though imperfectly, upon the theory that appellee was ignorant of the danger, and this will not be supported by proof that he did know all about it, but remained in the service upon appellant's promise to provide a remedy.''

If want of knowledge by appellant was essential to the sufficiency of his complaint, as we have held, then it necessarily follows that when that essential fact was found against him, he must fail.

We are, therefore, forced to the conclusion that there was no error in rendering judgment against him.

Judgment affirmed.

Filed Jan. 4, 1894