Filed February 18, 1896.

No. 1,853.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. CORNELIUS.

MASTER AND SERVANT.—*Safe Place to Work.—Railroad Tunnel.*—An employe in a tunnel has the right to assume that its roof has been made sufficiently safe to work therein, and he is not obliged to look for hidden defects.

EVIDENCE.—*Personal Injury.—Railroad Tunnel.—Dangerous Place to Work.—Minor.*—Evidence that a minor of tender years, having no experience in working in a tunnel, had worked in one three and one-half days before he was injured by the fall of loose rock from the roof, is not conclusive that he knew or had the means of knowing that the roof was unsafe.

Louisville, New Albany and Chicago Railway Company *v.* Cornelius.

PLEADING.—*Complaint.*—*Master and Servant.*—*Personal Injury of Servant.*—*Averment as to Want of Knowledge of Danger.*—An allegation in the complaint that defendant's employes had torn down old bents in the tunnel in which plaintiff was employed, leaving nothing between the debris caused by their fall, and the dirt and rock forming the roof to prevent the loose portion from falling, does not necessarily contradict an allegation that plaintiff had no knowledge of the danger, where it is also alleged that he was a minor of tender years, with no experience or instruction in such work, and that the place was so dark he could not see the danger.

From Monroe Circuit Court.

*Field & Kennan,* for appellant.

*East, Dunn & Lowe,* for appellee.

REINHARD, J.—The appellee's complaint is in three paragraphs, to each of which a demurrer was overruled. The action is for damages on account of a personal injury alleged to have been sustained by appellee while in appellant's employment working in a tunnel. . The objections to the complaint are applicable to each paragraph alike. The complaint shows that appellant was the owner of a narrow-gauge railway called, "The Bedford and Bloomfield Railway," and lying partly in the counties of Greene and Lawrence, in this State; that at a place on said line of railway in Greene county, there was a tunnel of about the length of 1,200 feet, through which said railway passed; that from the month of January, 1894, until the month of October, 1894, the appellant was engaged in reconstructing and widening said tunnel for a standard-gauge road, and in removing old bents, braces, and timbers, and putting in new ones; that on the 23d day of April, 1894, the appellee, who was a minor and a person of tender years, inexperienced in the kind of work being done in the tunnel and ignorant of the dangers incident to such

work and too young and inexperienced to understand the same, all of which the appellant well knew, was employed by appellant to work in said tunnel, and appellant negligently and carelessly failed to give appellee any warning or instructions of the dangers incident to the same; that appellee worked in said tunnel until April 26, 1894, when he received the injury complained of; that appellee worked with a gang of men engaged in tearing down old bents and timbers and removing them, and was subject to the orders of one Joseph Miers, the foreman over said gang, who had power and authority from the appellant to employ and discharge hands and govern the men under him, including the appellee; that it was the duty of appellant to furnish appellee a reasonably safe place to work, and to inspect the same as occasion required, which appellant negligently failed to do; that on the 26th day of April, 1894, said gang of men, by order of said Miers, caused about four consecutive old bents to fall for the purpose of removing them, and the accumulated rocks and dirt on them from said tunnel; "that there remained nothing to prevent the loose rock and dirt in the top of said tunnel at that place from falling down to the place where said timbers fell; that it was the duty of said appellant and said Miers to carefully inspect the top of said tunnel at said place and ascertain, as they could have done, whether there was any loose rock and dirt liable to fall, by which they would and could have discovered the dangers and avoided appellee's injury;" that appellant wholly and negligently failed to make, or cause to be made, any proper inspection of the top of said tunnel at said place, or warn the appellee of its condition; that said place was quite dark, being several hundred feet from either end of said tunnel, and appellant neg-

VOL. 14—26

ligently failed to properly light the same, by reason whereof appellee was unable to discover the danger and peril of the situation and had no knowledge of the same, nor of the loose character of the soil and rock which appellant carelessly permitted to exist when appellee was ordered to work there; that on the 26th day of April, 1894, notwithstanding said acts of negligence, the appellant, by its foreman Miers, negligently and peremptorily ordered the appellee and others without warning to go into said place of danger and remove the debris of fallen timbers, rocks and dirt, which they, including the appellee, proceeded to do at once, in compliance with said order, and that while so engaged a large quantity of rock and dirt fell from above striking the appellee, knocking him down, etc., (describing the injury).

So far as the question here presented is concerned, there is no material difference between the averments of the paragraph set forth and those of the other paragraphs of the complaint.

The appellant's learned counsel insist that the facts set forth are a direct contradiction of the averment that appellee was without means of knowledge respecting the danger from falling stone and earth; and that the averment that the men had torn down four consecutive old bents for the purpose of removing them, and the lagging of heavy boards and rock and dirt that had covered them, "and that when these bents were taken down, nothing remained between the debris caused by their fall, and the dirt and rock constituting the top of the tunnel above them, to prevent the loose portion thereof from falling on the men," is a plain and explicit admission that appellee must have been aware of the danger, had he exercised his senses, and hence that the

averment that "he had no knowledge thereof," is without legal effect.

We cannot concur in the views of appellant's counsel that the above averments necessarily and expressly contradict that which sets up a want of knowledge on his part.  It is averred that the appellee was a minor and a person of tender years; that he had had no experience in such work and its attendant dangers, and that appellant had not instructed him therein; that the place where he was at work was so dark that he could not see the impending danger, etc.  If these things were true he could not have been expected to take notice of the fact that the roof was unsafe by reason of the removal of the old bents and braces.  The appellant was in duty bound to furnish appellee a safe place to work, and when he was ordered by Miers to go into the tunnel and remove the dirt, etc., he had a right to assume that the roof of the tunnel had been made safe enough to work under.  The fact that nothing remained to hold up the roof after the bents and braces had been removed was not necessarily conclusive proof that any considerable quantity of dirt and rock would fall from the roof by reason of such removal.  Nor would the fact that dirt and debris had fallen from the roof conclusively show that more was to follow.  The roof may have been composed of solid rock or compact dirt, as appellee's counsel suggest, and as must be conceded.  Appellee knew it was the master's duty to have the roof inspected before sending the workmen into the tunnel, etc.  He may well have assumed that this duty had been performed.  There is nothing in the complaint, or either paragraph thereof, to show that the defect in the roof was so patent that in spite of the fact that the place was insufficiently lighted, the appellee must have perceived it by the reasonable exercise of his

faculties.    See *Island Coal Co.* v. *Risher*, 18 Ind. App. 98, and authorities there cited.

This is the only alleged defect pointed out to the complaint.    We do not think the complaint shows either a case of assumed risk or contributory negligence.    The complaint is sufficient to withstand the demurrer.

The jury returned a special verdict, and it is insisted that in many essential respects the same was not sustained by sufficient evidence.    This was assigned as a cause in appellant's motion for a new trial.

We have examined the evidence in connection with the complaint and special verdict, and think it fairly tends to support the verdict on all material points.    We do not deem it necessary to set out the evidence *in extenso*, or even a synopsis thereof.    If we eliminate from the special verdict the finding that appellant had knowledge of appellee's minority and inexperience, and his ignorance of the dangers of the service, we have still enough left upon which to base a judgment.    The evidence tends to show that the place was dark and the danger not open to the view.    Appellee was hurt by falling stone and debris from the ceiling.    The fact that nothing supported the roof except the lagging of heavy boards, above which a mass of debris and stone had accumulated, and that there was actual danger of its caving in at any time, was not necessarily conclusive that appellee knew of this danger.    The evidence tends to show he did not know it.    As we said in ruling upon the demurrer to the complaint, he had a right to assume that the roof and ceiling had been inspected, and that they were safe, notwithstanding that when the bents were removed a quantity of dirt and debris had fallen down, for it must be remembered that appellee was not hurt in tearing down the bents.    It is true the appellee had worked in the tunnel about three and

one-half days when he was injured, as the evidence shows, but this was by no means conclusive that he had knowledge, or even means of knowledge, that the roof was unsafe, and he testifies that he had neither knowledge of the danger nor previous experience. No special duty devolved upon the appellee, such as the appellant was bound to exercise, with reference to the examination of the roof or ceiling. While he was in duty bound to make use of his senses as to all apparent defects, he was not obliged to look for hidden ones, but had a right to take it for granted that he had been provided with a safe place to work, excepting of course such hazards as were necessarily incident to the employment.

Appellant's learned counsel have cited and made lengthy quotations from numerous cases to the proposition that when the servant knows or has equal opportunity of knowing of the hazards of the work to be done, it is an incident of the service which he assumes. With this proposition we have no fault to find. On the contrary we recognize the doctrine therein stated as eminently sound. But the trouble with appellant's proposition is, it has no application, or at least no necessary application, to the facts proved, or which the evidence tends to prove. There is evidence to show that appellee, although he exercised his faculties properly, neither knew nor had any opportunity of knowing the precarious condition of the roof and ceiling. The jury in their verdict found that he had no knowledge of the condition of the dirt and stone over his head, although prior to his injuries he looked upward and attempted to see the condition of the roof over the place in which he was ordered to work, but by reason of smoke from the torch-lights and engine and the partial darkness surrounding him, he was unable to discover any stone or

dirt then likely to fall upon him.    This finding is amply supported by the evidence.

What we have said disposes of all the questions presented by the record.    There is no error.

Judgment affirmed.