No. 1,687.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. QUINN.

SPECIAL VERDICT.—*Failure to Find Fact in Issue.—Burden of Proof.*—Any facts in issue, as to which a special verdict is silent, must be deemed found against him, upon whom rests the burden of proof with reference thereto.

SAME.—*Master and Servant.—Constructive Notice.—Railroad Tunnel.*—That a master was chargeable with constructive notice of the manner in which the "lagging" resting upon "bents" supporting the roof of a tunnel were jointed, rendering his failure to notify an employe thereof actionable negligence, is not shown by a special verdict which does not find that the situation could have been ascertained by an inspector, nor that the master did not inspect it with all proper care.

MASTER AND SERVANT.—*Assumption of Risk.—Knowledge of Danger. — Exception to Rule.* — Knowledge by the servant of the danger from a faulty construction, or the existence of such facts as by the exercise of reasonable care would have apprised him thereof, ordinarily constitutes an assumption of the risk. A promise to repair or order out special line or place of work creates an exception to this rule.

SAME.—*Evidence.—Negativing Assumption of Risk.*—Evidence that an employe did not know exactly how the particular pieces of "lagging" placed upon wooden bents supporting the roof of a tunnel were jointed, does not discharge the burden resting upon him to negative an assumption of the risk from the fall of such pieces due to the removal of certain bents on which they jointed, where it appears that he knew the general manner of construction, and that there was no uniformity as to the place of jointing.

SAME.—*Master's Duty a Continuing One.—Assumed Risks.*—It is the master's duty to exercise care, furnish a safe place and machinery, and to keep them so. The servant assumes ordinary and obvious risks, but not those added by the master's negligence, of which he has no knowledge.

SAME.—*Inspection.—Reasonable Care.—Latent Defects.—Distinction Between Duty of the Master and Duty of Servant.*—Reasonable care upon the part of the master demands inspection and search for latent defects, while reasonable care on the servant's part requires attention and observation of open or obvious defects and peril.

APPELLATE PROCEDURE.—*Special Verdict.—Evidence.*—The Appellate Court cannot resort to the evidence to supply omissions in a special verdict.

From the Lawrence Circuit Court.

*E. C. Field*, for appellant.

*Dunn & Lowe*, for appellee.

GAVIN, C. J.—This was an action by a servant against the master, to recover damages for personal injuries.

The only question argued relates to the correctness of the court's ruling in rendering judgment in favor of appellee upon the special verdict.

Appellant was engaged in widening a tunnel on its road.   The roof of the tunnel was supported by wooden bents extending across it, their ends resting on upright posts at each side.   Along these bents was laid lagging, consisting of wooden boards of irregular lengths and widths, which jointed on the various bents, apparently without any regularity.   Upon the lagging rested about two and one half feet of loose dirt and stones which had come down from the roof above. Appellee was foreman of a gang of workmen, and had been engaged at work in the tunnel for three months, the latter half of the time as foreman and the former as laborer, tearing down the old bents and getting the tunnel ready for new supports which were being put in.   Usually each bent was pulled down in regular order as it was reached, but upon this occasion, the general foreman, Conner, in control of the various gangs of men, ordered appellee with his men to pull out the fourth bent, which would leave three standing disconnected, or substantially so, from the remaining old bents.   They did so, and as a result, not only the fourth bent but the other three came down, the latter falling toward appellee and his men, and covering appellee with the dirt and debris from above them.

The negligence charged against appellant, and relied upon by the appellee, as stated in his counsel's

brief, is that contained in the following part of his complaint: "Plaintiff avers that the lagging or heavy boards on top of said bents jointed on top of the fourth bent and did not joint again on top of the third bent, but jointed back on top of the first or second bent, which fact plaintiff did not and could not know, and which fact the defendant and said Conner well knew, and negligently failed to inform plaintiff thereof ; by reason of which negligence plaintiff was injured, as hereinafter more fully appears."

The condition of things in this paragraph set forth, is all there was connected with the tunnel or the work of which appellee avers his ignorance.

In considering the verdict it must be borne in mind that the burden rests upon appellee to present to us such a verdict as embodies either directly or by necessary inference all the facts essential to his right of recovery ; any fact as to which the verdict is silent must be deemed found against him upon whom rests the burden of proof with reference thereto.    *Austin* v. *McMains,* 14 Ind. App. 514, and cases cited.

Keeping this rule in view, we learn from the verdict "that the lagging on top of said bent consisted of heavy, close laid boards of various lengths and widths, sometimes jointing on consecutive bents, sometimes on alternate bents, and sometimes of still greater lengths," covered with two and one half feet of dirt and debris, all of which defendant well knew, but under the settled rule the same knowledge must be chargeable to appellee ; we learn, also, that "the lagging or boards on top of said four old bents jointed partly on each of the four bents, which fact neither the plaintiff nor defendant knew." When the lower ends of the posts supporting the fourth bent were pulled out toward the workmen, the bent fell toward the opposite direction as intended,

but the three bents "being thereby detached from the other and solid bents beyond, and rendered less firm and greater weight being thereby thrown upon them, and greater leverage afforded to the loose rock and plank above jointed as aforesaid, and by reason of the plank or lagging being jointed as aforesaid, and detached from the firm and solid bents by the removal of the fourth bent suddenly fell backward" (toward plaintiff), striking him, etc.

Thus, under the verdict, the only thing of which appellee was ignorant was the precise manner in which the lagging on these four bents jointed, that is, "partly on each of the four bents." Yet while he may not have known exactly how these particular pieces of lagging jointed, we must conclude that he knew the general manner of construction, and we cannot perceive that the lagging on these bents was put on in any other manner than one might reasonably expect from the general mode of construction.

It is thoroughly established, as a rule of law, that the master must use reasonable care to provide his employes with safe working places and appliances. *Kentucky, etc., Bridge Co. v. Eastman,* 7 Ind. App. 514; *Evansville, etc., R. R. Co. v. Holcombe,* 9 Ind. App. 198; *Lynch v. Chicago, etc., R. R. Co.,* 8 Ind. App. 516; *Linton, etc., Mining Co. v. Persons,* 11 Ind. App. 264.

This duty is a continuing one, and it devolves upon the master to exercise reasonable care to keep the servant's working place safe. *Hancock v. Keene,* 5 Ind. App. 408; *Evansville, etc., R. R. Co. v. Holcombe, supra; Island Coal Co. v. Risher,* 13 Ind. App. 98; *Nall, Admx., v. Louisville, etc., R. W. Co.,* 129 Ind. 260.

The servant assumes the usual, ordinary, and obvious risks incident to his service, but not those increased

risks added by the negligence of the master of which he had no knowledge. *Evansville, etc., R. R. Co.* v. *Holcombe, supra; Island Coal Co.* v. *Risher, supra; G. H. Hammond Co.* v. *Mason, Admr.,* 12 Ind. App. 469; *New York, etc., R. W. Co.* v. *Ostman* (Ind. Sup.), 41 N. E. Rep. 1037; *Salem, etc., Stone Co.* v. *Griffin,* 139 Ind. 141.

In the latter case the court, by Hackney, J., says: "Implied assumptions of risk are only such as are naturally incident to the service and those which are known or which ordinary care would discover and which are disregarded by the servant. Those dangers which are unknown to the servant, and are not discoverable by him with ordinary care, but which are, or by ordinary care of the master should be, known to him, are not assumed. Of such the master is in duty bound to notify his servant, and this at the peril of answering in damages."

The servant must, according to the law in this State, show that he did not assume the risk of the danger. Knowledge of the danger upon his part, or the existence of such facts as that by the exercise of reasonable care he might have known thereof, ordinarily constitutes an assumption of the risk. *New Kentucky Coal Co.* v. *Albani, Admx.,* 12 Ind. App. 497; *Pittsburgh, etc., R. W. Co.* v. *Woodward,* 9 Ind App. 169; *Lynch* v. *Chicago, etc., R. R. Co.,* 8 Ind. App. 516; *Kentucky, etc., Bridge Co.* v. *Eastman, supra; Evansville, etc., R. R. Co.* v. *Duel,* 134 Ind. 156; *Peerless Stone Co.* v. *Wray,* 143 Ind. 574.

To this general rule there are exceptions, such as those arising from the master's promise to repair, or his ordering the servant to some work or place out of the line of his regular employment. *Becker* v. *Baumgartner,* 5 Ind. App. 576; *Indianapolis, etc., R. W.*

*Co.* v. *Watson,* 114 Ind. 20; *Brazil Block Coal Co.* v. *Hoodlet,* 129 Ind. 327; *Louisville, etc., R. W. Co.* v. *Hanning, Admr.,* 131 Ind. 528; *Cincinnati, etc., R. R. Co.* v. *Madden,* 134 Ind. 462.

While it is true that both master and servant will be held to know that which by the exercise of reasonable diligence they might have learned, still this rule does not by any means place the master and servant upon an equality as to the acts necessary to constitute diligence. If the defect is patent and visible, then if both master and servant have ample and equal opportunity to know its existence, the servant will ordinarily be deemed to have assumed the risk; but he is not bound to search for hidden and latent defects, nor to make a critical examination of the places and appliances in which or with which he is set to work. This obligation, however, does rest upon the master. Both master and servant must use reasonable care to ascertain the defects and dangers, but reasonable care upon the part of the master demands inspection and, search for latent and hidden defects, and causes of danger, while reasonable care upon the part of the servant requires attention and observation of known or obvious defects and perils. *Pittsburgh, etc., R. W. Co.* v. *Woodward,* 9 Ind. App. 169, and cases there cited; *Salem, etc., Stone Co.* v. *Tepps,* 10 Ind. App. 516; *Salem, etc., Stone Co.* v. *Hobbs, Admr.,* 11 Ind. App. 27; *Linton Coal, etc., Co.* v. *Persons,* 11 Ind. App. 264; *Louisville, etc., R. W. Co.* v. *Cornelius,* 14 Ind. App. 399.

Under a rule much less stringent than that laid down by the Supreme Court in *Peerless Stone Co.* v. *Wray, supra,* the verdict fails to show such a want of knowledge of the facts and surroundings and perils resultant from the work as would relieve appellee from their assumption.

To the fact that the work was done in pursuance of the immediate command of appellee's superior, we have given no special consideration for the reason that we are unable to find in the verdict any sufficient showing of the master's negligence. As we have already noticed, the only negligence charged in the complaint against the master was its failure to notify appellee of the manner in which the lagging jointed on the bents; that the master did not actually know this, is expressly found; that it was chargeable with constructive notice, does not appear, since the facts found are not such as lead necessarily to that conclusion. It is not found that the situation could have been ascertained by inspection, nor is it found that the master did not inspect with all proper care. To make plain the possibility of ascertaining the true condition by inspection, counsel refer us to the evidence, but resort to the evidence cannot be had to supply omissions in the verdict. So far as we are able to determine from the verdict, appellee's injury was the result of accident consequent upon a condition of things with a knowledge of which, both actual and constructive, the servant was as fully chargeable as the master, and as to which no dereliction upon the part of the master appears.

Judgment reversed, with instruction to enter judgment in favor of appellant.

Filed March 10, 1896.